# Henderson *v.* Vincent.

*Action by Real Estate Agent for Commissions.*

1. *Principal and agent; real estate brokers; right to commissions.*—In an action by real estate brokers to recover a commission for effecting a sale, it appeared that defendant agreed to pay plaintiffs a certain commission for selling his property at a fixed price; that H., who subsequently become the purchaser, refused, in the first place, to pay the fixed price, but afterwards instructed an agent to buy the property and give the full price if he could not get it for less; that the agent bought the property for less of another broker, and that plaintiffs omitted to inform defendant of their belief that H. would pay the full price. *Held,* that plaintiffs did not act in good faith by such omission, and that they were not entitled to recover.

APPEAL from Mobile Circuit Court.
Tried before the Hon. W. E. CLARK.

McINTOSH & RICH, for appellants, cited Bishop on Con. §§ 327, 1431; 1 Wait Act. & Def. 76; Chitty on Con. (11th Ed.) §§ 1062, 1079, 1087; 56 Amer. Dec. 557; 51 N. Y. 124; 41 N. Y. 212; 3 Keyes, 203; 38 N. Y. 212; 55 N. Y. 319.

G. B. CLARK and F. B. CLARK, Jr., *contra,* cited 53 Wis. R. 41; 112 Penn. St. 479; 73 Ala. 372.

CLOPTON, J.—The appellants, who are real estate brokers, bring the suit to recover commissions claimed to be due on a contract of employment to sell a house and lot in the city of Mobile, of which the defendant was the owner. By the express terms of employment, the right to commissions is made dependent on selling the property at a fixed price—twenty-five hundred dollars. The plaintiffs, having accepted an employment by which their right to commissions was conditioned on effecting a sale at a designated price, are not entitled to recover the agreed commissions, except on showing that the stipulated and specified service was per-

formed, unless performance was prevented by the improper and unauthorized interference of the defendant. It is not claimed that the plaintiffs effected a sale. The claim is that they were prevented by a subsequent sale made by defendant, through another broker at a less sum, to the purchaser procured by their efforts and instrumentality.

By the contract of employment, no time was specified during which the authority to sell should continue. It was, therefore, subject to revocation at any time before a sale was made, or a purchaser procured, who was ready and willing to comply with the authorized terms.—*Chambers v. Seay*, 73 Ala. 372. Ordinarily, notice of revocation should have been given to the plaintiffs, before the defendant dispensed with their services by disposing of the property to the same person with whom they had been previously negotiating. Under the contract, the plaintiffs were entitled, in the absence of a revocation, to a reasonable time to find a purchaser; but, on failure to do so, after reasonable opportunity, the defendant was at liberty to sell the property at less than the fixed price without liability to the plaintiffs for commissions. The defendant could employ other brokers to sell the house and lot, being liable for commissions only to the broker who made the sale, or, he could have sold it himself without liability to either broker. This rule is subject to the qualification, that the broker by whose efforts and instrumentality the particular purchaser is procured, is entitled to compensation, though he may not be present when the sale is actually consummated. A broker, who is the efficient agent in producing the sale, is entitled to commissions.—*Sussdorf v. Schmidt*, 55 N. Y. 319; *Sadlerwhite v. Vreeland*, 3 Hun. 152; 3 Wait's Act. & Def. 282. These general rules are dependent on the agent's exercise of good faith in dealing with his principal.

The undisputed facts are, that Hibart, who became subsequently the purchaser, called at the office of plaintiffs, looking for property, and desirous of purchasing a home in Mobile. The plaintiffs, having seen a notice that the property of defendant was for sale, sought him, who agreed to pay them commissions if they would sell the property at a fixed price. They showed the property to Hibart, who, after examination, offered twenty-two hundred and fifty dollars for it. This offer was submitted to the defendant, and declined. The plaintiffs did nothing thereafter, but did not abandon the expectation of selling the property, believing that defendant

would abate his price, or, that Hibart would increase his offer, and eventually pay the price fixed by the contract of employment. · About two weeks afterwards, the property was sold by another broker, for a sum less than the price thus fixed, to King ostensibly, but who really purchased for Hibart, who had authorized his agent to pay twenty-five hundred dollars, if it could not be purchased for a less sum. The defendant was not informed and did not know that Hibart was the real purchaser, or that he was willing to pay for the property more than the amount at which he purchased it ; and plaintiffs did not communicate to defendant that they had any reason to believe, or did believe, that Hibart would agree to pay the price originally fixed. It may be conceded, that the real purchaser was procured by the efforts of the plaintiffs, and if the property had been sold to him for the sum fixed by the contract under which plaintiffs were employed, the defendant would have been liable to them for commissions. The defendant can not be held to have waived the stipulation of the contract as to the price, when he had no knowledge, and no reason to believe, that Hibart would pay the stipulated price.—*McArthur v. Slauson*, 53 Wis. 41. To entitle an agent to compensation, he must act in good faith to his principal. "A real estate broker's commissions are earned whenever he has procured a purchaser or buyer, who will comply with the conditions fixed by his principal for the property proposed to be sold. But it is to be understood that this rule depends not only on the fact that the broker is to be regarded as the agent of the seller, but that, as such agent, he acts with the utmost good faith towards his principal, and if he does not so act, he is entitled to nothing."—*Pratt v. Pattison*, 112 Penn. St. 475. Good faith required the plaintiffs to inform the defendant that they believed that Hibart would pay the price fixed by the defendant for the property. The intentional concealment of this · material fact operated to the injury of defendant, and defeats the right of plaintiffs to commissions.

On the undisputed facts, the court would have been justified in giving the · affirmative charge in favor of the defendant. If errors have intervened in the rulings of the court, they are without injury.

Affirmed.