# Birmingham Land & Loan Co v. Thompson.

*Action to recover Broker's Commissions on Sale.*

1. *Broker's commissions on sale; when recoverable.*—A broker, or real-estate agent, employed to effect a sale of land on specified terms, becomes entitled to his commissions, or agreed compensation, when he procures a purchaser who is able, ready and willing to buy on the terms specified, and the vendor accepts him, although the purchaser afterwards declines to complete the contract on account of a defect of title; and this principle applies when nothing is said about the title, or the time when a conveyance should be made to the purchaser, and although the deferred payments may be enough to discharge the outstanding incumbrance.

APPEAL from the City Court of Birmingham.

Tried before the Hon. H. A. SHARPE.

This action was brought by N. F. Thompson, against the appellant, a private corporation, and was commenced on the 4th October, 1887. The complaint contained a common count for work and labor done, and a special count, which claimed $150 as commissions, or compensation agreed to be paid by defendant to plaintiff, for effecting a sale of a certain lot in Birmingham; alleging that plaintiff did procure a purchaser who was able, ready and willing to buy on the specified terms, and that defendant accepted him as a purchaser. The defendant pleaded the general issue, and a special plea alleging "that plaintiff failed to procure a purchaser for said property, and failed to make a sale thereof, or to find a person who would comply with the terms of sale as agreed on by this defendant." Issue was joined on both of these pleas. The bill of exceptions purports to set out all the evidence adduced on the trial, the substance of which is stated in the opinion of the court. A. A. Clisby was the president of the defendant corporation, and conducted the negotiations on its part with the plaintiff, and also with S. G. Painter, who proposed to become the purchaser of the

[Birmingham Land & Loan Co. v. Thompson.]

property; and he testified, as a witness for the defendant, "that he and Robert Jemison, who were able to make the payments, offered to indorse the bond for title to said Painter."

The court charged the jury, on request of the plaintiff, as follows: "If the jury find from the evidence that the defendant did not have the legal title to the land; and that there was an incumbrance thereon to the amount of $10,000, or more; and that the defendant did not offer to make a title to Painter, but only offered to give its bond for title, indorsed by Clisby and Jemison; then there was a defect in the title." The defendant excepted to this charge, and also to the refusal of the following charges, which were asked in writing: (1.) "If the jury find from the evidence that the contract between Painter and the defendant did not specify or fix the time when the deed for the land should be executed, then the defendant was not bound to execute a deed until all of the purchase-money was paid; and if they find from the evidence that the defendant was able to pay off all the liens on the land, and convey a clear title to Painter when he paid the purchase-money, Painter had no right to refuse to complete the trade because of defect in the title." (2.) "If the jury find from the evidence that, at the time of the attempted sale of the land, the defendant had an interest in the land, which it was able and willing to convey to Painter, and was able to make him a good title to the land on the payment of the purchase-money, and that Painter failed to comply with the terms of the sale; then their verdict must be for the defendant."

The charge given, and the refusal of the charges asked, are now assigned as error.

HOUGHTON & JEMISON, for appellant, cited *Watts v. Shepherd*, 2 Ala. 425; *Allen v. Greene*, 19 Ala. 34; *Cotten v. Cotten*, 75 Ala. 345; 2 Add. Contracts, § 578; *Burkett v. Munford*, 80 Ala. 360; *Railroad Co. v. Holborn*, 84 Ala. 133; *Hunter v. O'Neil*, 12 Ala. 47; *Teague v. Wade*, 59 Ala. 369; *McGavock v. Woodlief*, 20 How. (U. S.) 221.

S. D. WEAKLEY, *contra*, cited the following authorities: *Goodridge v. Holliday*, 18 Ill. App. 363; *Knapp v. Wallace*, 41 N. Y. 477; *Gonzales v. Broad*, 57 Cal. 224; *Doty v. Miller*, 43 Barb. N. Y. 529; *Kock v. Emmerling*, 22 How. U. S. 69; *Sibbald v. Beth. Iron Co.*, 83 N. Y. 378; *Holly v.*

*Gosling,* 3 E. D. Smith, 262; *Hamlin v. Schulte,* 34 Minn.
538; *Veazie v. Parker,* 43 Maine, 443; *Walker v. Osgood,*
93 Amer. Dec. 168, note; *Flinn v. Barber,* 64 Ala. 193;
*Cullum v. Bank,* 4 Ala. 28; 2 Kent's Com. 373; 1 Sugden on
Vendors, 339, mar.

STONE, C. J.—The undisputed facts in this case are as
follows:

On January 3, 1887, the appellant corporation, through
its president, engaged the appellee, a real-estate broker, to
sell a certain lot in the city of Birmingham, upon the agree-
ment that, if the appellee sold the lot during that day, at a
specified price, the appellant would pay him, as commissions,
the sum of one hundred and fifty dollars. On the afternoon
of the same day—January 3, 1887—the appellee, Thompson,
negotiated with one Painter for the sale of the said lot, at
the stipulated price and terms; and carried Painter, the pro-
posed purchaser, to the office of the appellant company,
where said Painter and the president of the company entered
into an oral agreement to buy and sell the said lot. There
was no written evidence of the contract of purchase; but
Painter paid the said company $10 to confirm the sale, and
took the company's receipt therefor, which showed the terms
of the sale and the description of the lot. By special agree-
ment with the defendant company, that the payment should
be regarded as a payment *pro tanto* on the first cash payment
for the lot, Painter bought an option on the lot from another
party, for $350. Nothing was said about the title of the
property held by the Birmingham Land & Loan Company—
as to its nature or otherwise—either at the time it was
placed in the broker's hands for sale, or at the time of the
agreement to purchase. Nor was any thing said as to the
time when the title was to be made to him. The same day,
or the day after the agreement of sale, the said company
turned their bond for title over to Painter, in order that he
might have the same investigated. The only showing for
title to the lot held by the Birmingham Land & Loan Com-
pany was a bond for title from the Elyton Land Company,
the original vendor, which bond had been transferred to sev-
eral intermediate transferrees before it came to the Birm-
ingham Land & Loan Company. There was shown to be a
large amount of purchase-money due upon the property. By
the advice of counsel, Painter refused to consummate the
purchase, on account of a defect in the title, stating at the

same time that he "was able to make the cash payment and complete the purchase."

The appellee here, plaintiff below, brings this action against the appellant corporation to recover the commission, which the defendant agreed to pay him—claiming that he, the plaintiff, had performed all the duties imposed on him by the agreement.

The contention on the part of the defendant is, that as the sale was never consummated with Painter, the plaintiff is not entitled to recover; and further, that as the purchase money to be afterwards paid by Painter would have been sufficient to remove the incumbrance from the property, he, Painter, could have gotten a good title after having paid the whole of the purchase-money, until which time the defendant was not required to make a deed. It is thus contended, there was no such defect in the title as would justify Painter in repudiating the purchase, and hence, the proposed purchaser having refused to consummate the purchase without sufficient cause, the defendant is not indebted to plaintiff, as claimed by him.

We do not think the position of the appellant tenable. By the terms of the agreement, the plaintiff had taken upon himself the duty of making sale for the defendant corporation, at a specified price, upon specified terms, and upon an agreed commission. This duty was met and discharged, and the stipulated commissions for making such sale earned, when the plaintiff, in good faith, obtained a purchaser, who was able, willing and ready to buy the said property, upon the terms fixed by the defendant, and such purchaser was accepted by the proposed vendor. The office of a real-estate broker, who is employed to negotiate sales of property, is that he should find a purchaser able and willing to buy; and that he should be the efficient cause of bringing the minds of the proposed purchaser and would-be vendor together. When this is done, the office of the real-estate broker has been performed, and he has earned his commission. The rule is correctly laid down in *Coleman's Ex'r v. Meade*, 13 Bush, 358, as follows : "The broker undertakes to furnish a purchaser, and is bound to act in good faith in presenting a person as such; and when one is presented, the employer is not bound to accept him, or to pay the commissions, unless he is ready and able to perform the contract on his part, according to the terms proposed; but, if the principal accepts him, either upon the terms previously pro-

posed, or upon modified terms then agreed upon, and a valid contract is entered into between the principal and the person presented by the broker, the commission is earned." *Sayre v. Wilson & Ingram*, p. 151; s. c., 5 So. Rep. 157; *Henderson v. Vincent*, 84 Ala. 99; *Hamlin v. Schulte*, 34 Minn. 534; *Sibbald v. Bethlehem Iron Co.*, 83 N. Y. 378; *Glentworth v. Luther*, 21 Barb. 145; *Parker v. Walker*, 86 Tenn. 266; *Walker v. Osgood,* 98 Mass. 348; s. c., 93 Amer. Dec. 168; *Kock v. Emmerling*, 22 How. 69.

The fact that the sale of the property is never consummated, does not weaken the force or application of the rule, provided the sale is not prevented by some fault or misrepresentation on the part of the broker, or on account of the inability of the proposed purchaser to comply with the terms of the sale. The broker has earned his commission, when he has found a purchaser able and willing to purchase at the stipulated price and terms, and who has been accepted by the owner of the property, although the sale is never completed, if the failure to complete the proposed sale is the consequence of an incumbrance upon the property, a defect in the title, or of some fault of the owner of the property to comply with the terms of the sale. Without some special stipulation to that effect, the broker does not warrant the title to the property; and if there is a defect therein, on account of which the sale is never completed, the broker is without fault, and should not be made to suffer thereby. He has fully performed his part of the transaction, when he has secured a purchaser, able and willing to buy. His office has ceased, and his commission is earned..—*Knapp v. Wallace*, 41 N. Y. 477; *Gonzales v. Broad*, 57 Cal. 224; *Goodridge v. Holliday*, 18 Bradw. 363; *Doty v. Miller*, 43 Barb. 529; *Holly v. Gosling*, 3 E. D. Smith, 362.

The implication, when property is placed in the hands of a real-estate broker for sale, is, that the owner has a good title thereto, and that the purchaser can get the property unincumbered. When, therefore, a proposed purchaser agrees to buy, nothing being said about the title, he has the right to believe he will get a good title. The inducement to buy is that the purchaser may acquire a good and indefeasible title. If, after investigation, a defect in the title is discovered, the agreed purchaser has the right to repudiate his contract of purchase; and this, too, without incurring any liability on account of the rescission. An agreement to buy and sell, such as

[Sayre v. Wilson & Ingram.]

the present, the purchaser not having been put in possession, is voidable, and can be rescinded for any good cause. There can be no better reason for the repudiation of a contract of purchase than a defect in the title.—*Flinn v. Barber*, 64 Ala. 193; *Cullum v. Br. Bank*, 4 Ala. 28.

Under the views above expressed, there was no error in the court's giving the charge requested by the plaintiff, and in refusing to give those asked by the defendant. In addition to other objections that could be urged against the charges requested by defendant, they are open to the objection of being misleading, and to some extent abstract.

The judgment of the City Court is affirmed.

*Action to recover Broker's Commissions on Sale.*