[Cook & Brother v. Forst, et al.]

# Cook & Brother v. Forst, et al.

## Action of Assumpsit.

1. *Real estate agents; when entitled to commissions; rights of owner.*
The owner of real estate, by employing an agent to effect the sale
thereof, does not thereby preclude himself from employing other
agents to sell it, or from effecting a sale himself, provided, that in
making the sale himself he acts in good faith.

2. *Same; same; same.*—The owner of real estate can not avail him-
self of the services of an agent employed by him who procured a pur-
chaser, to effect the sale himself to such purchaser, and thereby de-
prive the agent of commissions; nor can he, merely to save the com-
missions agreed to be paid to the agent, effect such sale at a small
reduction of the price at which the agent was authorized to find a
purchaser, or make immaterial changes in the terms of the sale.

3. *Same; same; same.*—The owner of land, which is placed in the
hands of a real estate agent for the purpose of selling it, has the right
to fix the net value on said land and the terms of sale ; and if the agent
can not effect a sale so that the owner can realize such net value, or
upon the terms fixed, the owner can dispose of the property at such
price and on such terms, without incurring any liability for commis-
sions to the agent.

4. *Same; same.*—To entitle a real estate agent to commissions for
effecting a sale of land placed in his hands for that purpose, he must
show that he procured a purchaser, who was both able and ready to
comply with the terms of the sale.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. JAMES J. BANKS.

This was an action brought by the appellants against
the appellees.

The cause was tried by the court without the inter-
vention of a jury, and upon the hearing of all the evi-
dence, the court rendered judgment for the defendant.
The plaintiff appeals, and assigns the rendition of this
judgment as error.

L. Y. LIPSCOMB and B. C. JONES, for appellant, cited
in support of their contention, that the plaintiffs were
entitled to the commissions sued for, the following au-
thorities : *Henderson v. Vincent*, 84 Ala. 99 ; *Birming-
ham L. & L. Co. v. Thompson*, 86 Ala. 146 ; *Sayre v.*

[Cook & Brother v. Forst, *et al.*]

*Wilson*, 86 Ala. 151; *Plant v. Thompson*, 16 Amer. St. Rep. 512; *Sibbald v. Bethlehem Iron Co.*, 38 Amer. Rep. 441; *Walker v. Osgood*, 93 Amer. Dec. 175; 2 Amer. & Eng. Encyc. of Law, 578-588, inclusive, and authorities cited.

JAMES E. WEBB and JAMES TROTTER, *contra.*—The plaintiffs did not find a purchaser at the price fixed by the defendants, and the terms of the sale are materially different from those at which the plaintiffs were authorized to sell, being less favorable to the defendants. Therefore, the plaintiffs were entitled to the commissions claimed.—*Bailey v. Smith*, 103 Ala. 643; *Birmingham L. & L. Co. v. Thompson*, 86 Ala. 149; *Henderson v. Vincent*, 84 Ala. 100.

COLEMAN, J.—The action is in assumpsit instituted by appellants to recover commissions alleged to be owing and due, for services rendered as real estate agents and brokers, in procuring a purchaser of certain real property. The case was tried by the court without the intervention of a jury, and the right to maintain the action depended more upon a finding from the facts, rather than any principle of law.

The owner of real property by employing a real estate agent or broker to effect a sale of the property, does not thereby preclude himself from employing other agents for the same purpose, or from effecting a sale himself, provided that in making the sale himself he acts in good faith. The owner of the property would not be permitted to avail himself of the services of an agent who procured a purchaser, to effect a sale himself to such purchaser, and thereby deprive the agent of his commission; nor could he effect such sale at a small reduction from the price at which the agent was authorized to find a purchaser, nor make immaterial changes in the terms of the sale, if the purpose of the reduction was merely to save the commissions agreed to be paid to the agent. The owner, however, has a right to fix a net value upon his property and the terms of the sale, and if the agent can not effect a sale, so that the owner may realize such net value, or upon the terms fixed, the owner has the power to dispose of the property at such price and on such terms. Fair dealing between the

[Stephens v. Moore.]

parties would demand of the owner, that he disclose his intention to the agent, before concluding the sale to a purchaser procured by the agent.    To entitle an agent or broker to commissions, he must show that he procured a purchaser who was able and ready to comply with the terms and conditions of sale.    These principles are sustained by the following authorities : ꞏ *Birmingham Land & Loan Co. v. Thompson*, 86 Ala. 146 ; *Sayre v. Wilson, Ib.* 151 ; *Henderson v. Vincent*, 84 Ala. 100 ; *Bailey, McConnell & Howard v. Smith*, 103 Ala. 643 ; *Plant v. Thompson*, 16 Am. St. Rep. 516 ; Note to *Walker v. Osgood*, 93 Am. Dec. 168 ; 2 Am. & Eng. Encyc. of Law, 582-6 and notes.

The testimony of the plaintiffs tends to sustain their claim for commissions.    The testimony of the defendant, corroborated by that of the purchaser and other circumstances, directly contravenes that of the plaintiffs upon the material question of who procured the. purchaser.    We are reasonably convinced that the finding of the court was in accordance with the preponderance of the evidence.

Affirmed.