# Green *v.* Southern States Lumber Co.

*Action of Assumpsit to recover Commissions for Making Land Sale.*

1. *Real estate agent; not entitled to commissions when representing both parties; transaction.*—A real estate agent or broker, who is negotiating a sale of property, or otherwise acting in the usual line of his business, cannot represent both parties to the transaction without their mutual knowlege and consent; and if he attempts to do so, he forfeits all rights to any compensation or commission from either of said parties.

2. *Action to recover commissions for making sale of land; when agent represents both parties; charge of court to jury.*—In an action to recover commissions alleged to be due plaintiff for negotiating and effecting a sale of land under a contract with the defendant, who is the owner of said lands, where there is evidence on the part of plaintiff tending to show that the plaintiff had a contract with the defendant by which the latter agreed to pay him a fixed commission if he obtained a purchaser for certain designated lands, and there was evidence introduced for the defendant tending to show that the defendant did not agree to pay commissions unless the purchase price was paid to defendant by the buyer; that the plaintiff not only represented the defendant, but also the prospective purchaser in the negotiation, which was unknown to the defendant, and that on account of such double dealing on the part of the plaintiff, the sale and purchase of the lands was never consummated, a charge is erroneous which instructs the jury that if they "Believe from the evidence that the defendant employed plaintiff as a broker to find a purchaser for lands claimed by the defendant, at a price which should be satisfactory to the defendant, and the purchaser, when they met, defendant cannot defeat this action for commissions defendant agreed to pay plaintiff, by proof that plaintiff was also to be paid for his services by the purchasers."

APPEAL from the Circuit Court of Baldwin.

Tried before the Hon. WILLIAM S. ANDERSON.

This action was brought by the appellant against the appellee. The purpose of the suit and the facts intro-

[Green v. Southern States Lumber Co.]

duced in evidence are sufficiently shown in the opinion. Among the charges given by the court at the request of the plaintiff, to the giving of which the defendant separately excepted, was the following: (14.) "The court charges the jury that, if you believe from the evidence that the defendant employed plaintiff as a broker to find a purchaser for lands claimed by the defendant, at a price which should be satisfactory to the defendant, and the purchaser when they met, defendant cannot defeat this action for commissions defendant agreed to pay plaintiff, by proof that plaintiff was also to be paid for his services by the purchasers."

There were verdict and judgment for the plaintiff. As stated in the opinion, the defendant subsequently made a motion to set aside the verdict and the judgment, and to be granted a new trial, which motion was based upon many grounds, among which were: that the verdict was contrary to law; that the verdict was contrary to the charge of the court; that the verdict was contrary to and unsupported by the evidence; that the court erred in giving to the jury the charge requested by the plaintiff, numbered 14. Upon the hearing of the motion for a new trial the court rendered judgment, granting said motion, to the rendition of which the plaintiff duly excepted.

The present appeal is prosecuted from the judgment granted a new trial and the rendition thereof is assigned as error.

L. H. & E. W. FAITH, for appellant.—The plaintiff in this case earned his commission and was entitled to maintain this suit.—*Henderson v. Vincent*, 84 Ala. 101; *Birmingham Land Co. v. Thompson*, 86 Ala. 150; *Sayre v. Wilson*, 86 Ala. 156. Charge 14, given at the request of the plaintiff, asserted a correct proposition of law. This charge is supported by numerous authorities, that where a broker acts merely as a middle-man, that he can be in the employ of both parties. The defendant admitted the employment of plaintiff, and the charge was proper under the common count.—4 Am. & Eng. Ency. Law (2d ed.) p. 985; *Rupp v. Sampson*, 77 Am. Dec.

416; *Barry v. Schmidt,* 46 Am. Rep. 35; *Herman v. Martineau,* 60 Am. Dec. 368; *Montross v. Eddy,* 34 Am. St. Rep. 323; *Cox v. Haun,* 26 N. E. 822; *Terry v. Birmingham Nat. Bank,* 99 Ala. 570.

If the charge does not correctly state the law, then it is error without injury, because there was no proof that plaintiff was to be paid for his services by Jones and Foley, for bringing the parties together. The giving of abstract charges by the trial court, does not constitute a reversible error.—*Goldsmith v. McCafferty,* 101 Ala. 663.

BLOUNT & BLOUNT, *contra.*—Of course it is not necessary to a defense of the character set up, that the defendant should have been ignorant of the relation between Jones and Foley and plaintiff, if they were ignorant of his relations to defendant, and relied upon his best offices to be exerted in their behalf. In such case, public policy requires that he should not be allowed to recover from either.—*Bell v. McConnell,* 37 O. St. 400, and citations; *Rice v. Wood,* 113 Mass. 133; *Bollman v. Loomis,* 41 Conn. 581.

It is equally clear that in order to bring the principle into operation, it is not necessary that there should be any agency, or to be any contract. It is the trust and confidence reposed by one party in another which forbids that other from placing himself in a position in which it is to his interest to betray the trust.—*Bollman v. Loomis,* 41 Conn. 581. The court erred in giving charge No. 14 requested by the defendant. The mistake that the court made in the charge was in assuming that because the plaintiff could not fix the price, he was a middle man in the sense of the cases holding that a middle man can recover compensation from both principals, though each is ignorant of his employment by the other, and in ignoring the law that to be such a middle man, the broker must be simply an introducer, and must not be one upon whom his principals rely to exercise his best skill, judgment and fidelity in their behalf.—*Scribner v. Collar,* 40 Mich. 375; *Meyer v. Hanchett,* 39 Wis. 419;

43 Wis. 346; *Shortridge v. Swan*, 43 Neb. 781; *Shepard v. Hill*, 6 Wash. 605; *Mooney v. Beard*, 102 N. Y. 508.

In order that the exception to the rule may apply, the principals must "personally negotiate their own bargain without intereference or assistance or participation by the broker in the negotiations."—23 Am. & Eng. Ency. Law (2d ed.) p. 907.

The authorities relied upon by the plaintiff are not *contra*. In fact, one of the strongest (*Rupp v. Sampson*, 16 Gray, 398) is explained in accordance with our contention by the same court in a later case.—*Rice v. Wood*, 113 Mass. 136.

HARALSON, J.—The defendant withdrew its 4th, 5th and 6th special pleas, and the case was tried on pleas 1, 2, 7 and 8 to the first count, and general issue to the second count.

In the first count plaintiff claims of the defendant $9,484.00 due to plaintiff from defendant under an agreement made between them, whereby plaintiff agreed to undertake to obtain for defendant a purchaser or purchasers for lands in Baldwin county, Alabama, claimed by defendant as its property, and that defendant agreed that in the event plaintiff obtained a purchaser or purchasers, for any of its lands, it would pay plaintiff for his services a commission of ten per cent. of the purchase price of said lands.

It is averred that acting under said contract, the plaintiff obtained for the defendant two proposed purchasers, S. B. Jones and J. B. Foley, for two large tracts of land in said county, and that on, to-wit, the 11th day of February, 1902, plaintiff introduced said purchasers to defendant's vice-president, and he and said Jones and Foley entered into said contracts of purchase and sale of said tracts of land, containing in the aggregate, 25,-291.10 acres, more or less, and that the said Jones and Foley entered into two written agreements to pay said defendant for said land, at the rate of $3.75 an acre, and defendant agreed in writing to sell said lands to said Jones and Foley at that price, and that, thereupon, plaintiff became entitled to his commissions of ten per

cent. on the purchase price, to-wit, $9,484.00, and plaintiff has demanded payment of the same, which defendant has refused to make, and has denied all liability therefor, whereupon plaintiff sues, etc.

The second count claims a like amount from defendant for work and labor done for defendant by the plaintiff, on the 11th of February, 1902, at defendant's request, etc.

Pleas 1 and 2 to the 1st count, were the general issue. Pleas 7 and 8 set up the defense, that plaintiff was guilty of fraud, in that he was representing both parties, and that defendant and Jones and Foley, seller and purchasers, were in ignorance of this fact,—plea 7 setting up the double employment and alleging that Jones and Foley were ignorant of this fact, and pleas 8 setting up the double agency, and alleging that defendant was ignorant of this fact. Both pleas appear to be substantially the same until reaching the allegation as to the contracting parties being in ignorance of the double employment. The averment is made in each plea, "That before the employment of the plaintiff by the defendant, as alleged in the declaration, the plaintiff had entered into an agreement with the said Jones and Foley, by the terms of which the plaintiff was to negotiate with the defendant for the purchase of lands owned by it in Baldwin county, Alabama, upon the best terms obtainable from defendant," etc.

A verdict was found in favor of the plaintiff for $10,-346.21. The defendant made a motion to set aside the verdict and grant a new trial, on many grounds, which motion the court granted. From that ruling the appeal is prosecuted.

1. The court on the conclusion of the evidence, delivered a long and carefully considered oral charge, as to the facts and law of the case, which charge seems to have been accepted as fair and correct. No exceptions appear to have been reserved to any part of it, by either party. Referring to the first count, the court stated, that to entitle himself to a recovery, the plaintiff must prove to the reasonable satisfaction of the jury what is set out in that count,—that the plaintiff agreed to un-

dertake to obtain for the defendant a purchaser or purchasers for the lands mentioned, claimed by defendant as its property, and the defendant agreed in the event that plaintiff. obtained the purchaser or purchasers for any of the lands, that he was to be paid for his services a commission of ten per cent. on the purchase price of said lands.

As to the defense set up by the defendant the court said, in substance, that the defendant denies, in a general way, that any such contract existed, or that he is liable under that contract, if it existed, and pleads specially, that before the employment of the plaintiff by the defendant, the plaintiff had entered into an agreement with Jones and Foley, by the terms of which the plaintiff was to negotiate with the Southern States Lumber Company, for the purchase of the lands owned by it in Baldwin county, upon the best terms obtainable from the defendant, and if a purchase of said lands should be negotiated by him under such agreement, the lands should be conveyed to Jones and Foley, and thereupon a corporation should be formed, to which the lands should be conveyed, by which corporation the plaintiff should be employed and receive from it, compensation or commissions from the sale of such lands made by or through him, such commissions or compensation to be guaranteed by it to be not less than $100 per month, and that plaintiff should receive a part of the stock of such corporation to be paid for by his commissions in excess of said $100 per month, and these were to be in consideration of his negotiation of said lands and his services in handling· them after the said purchase; that after said agreement, he negotiated with and persuaded defendant to contract with him to represent it; and that after said Jones and Foley had employed the plaintiff to negotiate for them the purchase of said lands, under this compensation which was to be paid to him provided the plaintiff negotiated with defendant and procured it to agree to pay him a commission of ten per cent. for selling its lands, as its agent, as set forth in the complaint.

The general rule on this subject is: "That a real estate broker or agent who is negotiating a sale of property

or otherwise acting in the usual line of his business, cannot represent both parties to the transaction without their mutual knowledge and consent, and if he attempts to do so, he forfeits all right to any compensation or commission from either."—23 Am. & Eng. Ency. Law, (2d ed.) 907.

This principle is not disputed by either party. There was much evidence introduced by each, and the transcript is voluminous. So far as this phase of the motion for a new trial is concerned, we prefer to express no opinion, as the question was fairly presented to the jury, and they were instructed in a manner unobjectionable to each side.

2. Nor do we need to consider and pass on all the grounds for this motion. It appears to us, that the court erred in giving for plaintiff, the charge No. 14. That charge assumed that the defendant agreed to pay the plaintiff commissions. It referred to the action as one "for commissions defendant agreed to pay plaintiff." The plea of the defendant denied such an agreement, and its witnesses, Young and Bingham, testified that the defendant did not agree to pay commissions unless the purchase price was paid to defendant by the buyer, and that defendant had not been paid.

Again, the charge is in effect, that if a broker is not given the power to close the contract of purchase and sale, he may persuade and influence by any improper acts or devices of his own, and keep him in ignorance, that in so doing he is or may be influenced by the reward he is to obtain from the seller, and yet be able to recover his commissions. The charge hypothesises that if the jury "believe from the evidence that defendant employed plaintiff as a broker to find a purchaser for lands claimed by the defendant, at a price which should be satisfactory to the defendant and the purchaser when they met, (then) defendant cannot defeat the action for commissions (which) defendant agreed to pay plaintiff, by proof that plaintiff was also to be paid for services by the purchaser." The principle asserted is unsound. The broker has other duties than merely fixing the price,—a privilege more frequently withheld than con-

ferred.    He should fairly set forth to the purchaser, all
the reasons known to him, why the purchase would be
a desirable and advantageous one to him.    Such an atti-
tude of good faith would be inconsistent with a secret
and interested motive to induce the buyer to make the
purchase, when the latter was under the impression and
belief that his agent was acting alone for his good, free
from any personal interest in the matter.    The evidence
tends to show, that plaintiff induced Jones and Foley
by his representations as to the quality of the lands, to
come to Alabama from Chicago to inspect them, but
when they came and had their interview with defend-
ant's president, at the hotel, they objected seriously to
the price which was demanded of them, which price in-
cluded plaintiff's commissions from defendant, a fact
not disclosed to or known by them.    It also tends to
show, that at the time, plaintiff was under an agreement
with Jones and Foley by which he was to participate
with them, in the advantages of the purchase if made.

Foley testified that when the parties met, and the
seller named $3.75, as the lowest price the company
would take, the purchasers were astonished, since they
had been induced by plaintiff to believe that the lands
could be bought for much less.    They indicated an in-
tention to withdraw from the deal, when they and plain-
tiff, at his instance, had a private conference, and plain-
tiff was very strenuous in his insistence that "we
[speaking of them and himself] should not let this go,"
saying:    "We cannot afford to let this opportunity go,
there is a great chance here to make money and you
cannot afford it.    The price is high, but we can make
money out of it, and you cannot afford to let this oppor-
tunity go.    There are other people after it; there are
people here in the hotel."

On account of this double dealing, on the part of the
plaintiff, the contract failed of consummation,—Jones
and Foley, when they ascertained the true state of the
facts, refusing to consummate it.

This charge, under this state of the evidence, was an
improper instruction and should not have been given.

For this error, without more, the court did not err in granting the new trial.

Affirmed.

McCLELLAN, C. J., DOWDELL and DENSON, J.J., concurring.