**MILLICAN v. LIVINGSTON et al.**
**(8 Div. 438.)**

(Supreme Court of Alabama. May 18, 1922. Rehearing Denied June 30, 1922.)

1. **Trial ☞143—General affirmative charge erroneous where evidence is conflicting.**

Where the evidence is in direct conflict on the material facts in issue, the giving of the general affirmative charge with hypothesis in favor of defendants was error.

On Rehearing.

2. **Appeal and error ☞663(1)—Supreme Court governed by statements in certificate signed by clerk of circuit court.**

Where the certificate of appeal signed by the clerk of the circuit court under Rule 44 (175 Ala. xxi, 61 South. viii), states that notice of appeal was served on attorney for appellee as required by Code 1907, § 2881, the Supreme Court is governed by such statement in the absence of evidence to the contrary, though the transcript does not contain a copy of the notice and the original was not sent to the clerk as required by Rule 30.

Appeal from Circuit Court, Limestone County; O. Kyle, Judge.

Suit on promissory note by Thomas W. Millican against J. D. Livingston and J. W. King. From a judgment for defendants, plaintiff appeals. Transferred from Court of Appeals under section 6, p. 449, Acts 1911. Reversed and remanded.

Walker & Sanders, of Athens, for appellant.

When a broker has effected a bargain and sale by a contract which is mutually obligatory on the vendor and vendee, he is entitled to his commission. (Ind. App.) 129 N. E. 413; 17 Ala. App. 543, 85 South. 845; 204 Ala. 607, 86 South. 908; 177 Ala. 636, 59 South. 286; 203 Ala. 191, 82 South. 441; 162 Ala. 433, 50 South. 381, 136 Am. St. Rep. 52; 132 N. Y. 1, 29 N. E. 1091, 28 Am. St. Rep. 542; 195 Ala. 203, 70 South. 637; 202 Ala. 625, 81 South. 567; 204 Ala. 216, 85 South. 433; 16 Ala. App. 480, 79 South. 154.

Horton & Patton, of Athens, for appellees.

No citation or notice of appeal was issued or served on appellee, as required by Code, § 2881, and the appeal should be dismissed. 16 Ala. App. 258, 76 South. 990; 55 South. 429; 10 South. 327.

MILLER, J. This suit was commenced by Thomas W. Millican against J. D. Livingston and J. W. King on a promissory note, securing attorney's fees and waiving exemptions as to personal property. There was a jury and verdict in favor of the defendants, judgment thereon by the court, and the plaintiff appeals therefrom.

The plaintiff and defendant J. D. Livingston entered into a written agreement by which plaintiff was granted the right to sell certain land, 60 acres, on the following terms:

"One-third cash and the balance secured by first mortgage on the property sold, payable in equal installments in one, two and three years, after date of sale, and appellee, Livingston further agreed to pay appellant for selling said property a commission of $500.00, if the sale realized the sum of $6,500.00 and fifty per cent. of the amount realized of such sale over and above $6,500.00 and if the land was bid off and sold, and sold for less than $6,500.00, only a commission of $250.00 was to be paid."

The plaintiff sold the land at public outcry. J. W. King was the last bidder. He purchased it as last bidder for $101.50 per acre or $6,090 for the 60 acres. Before the last bid was made, the plaintiff stopped the auctioneer and asked defendant Livingston, according to the testimony of Livingston:

"If I would be as good as Mr. White. I said, 'I don't know, in what way?' 'Well,' he says, 'the man that bought your place in hasn't got

the ready cash to put down; will you wait until the 1st of January for your money, if you are secured with good papers?' I told him, 'Yes, sir.' I was to wait until the 1st of January, 1921. After the agreement, then Mr. King bid the land in."

Within an hour after the sale, L. D. Livingston and J. W. King executed and delivered to plaintiff the note sued on for $250, the amount due him as commissions for making the sale. The defendant Livingston further testified that—

"The agreement I had with Mr. King as to waiting on him for the cash payment was that I was to be secured until the 1st of January for the first payment, which was in accordance with the terms of the sale as modified in this way."

In Handley v. Shaffer, 177 Ala. 654, 59 South. 291, this court wrote:

"An agent employed to sell ordinarily owes to his principal the duty of service, with the exercise of such skill and industry as may be requisite to accomplish the object of his employment, and with full fidelity to the just interest of his employer. Henderson v. Vincent, 84 Ala. 99, 4 South. 180; Green v. South. States Lumber Co., 141 Ala. 680, 37 South. 670; McGar v. Adams, 65 Ala. 106, 45 L. R. A. 42, note.

"He is entitled to his commissions when he produces to his principal a person who is able, ready and willing to buy on the terms prescribed by such principal within the period allowed, or, if the time is not limited, before the revocation of his agency. This assumes that the broker's negotiations have produced a result so complete that nothing remains to be done but acceptance of the purchaser by his principal. Wiggins v. Wilson, 55 Fla. 346."

See, also, Birmingham L. & L. Co. v. Thompson, 86 Ala. 149, 5 South. 473.

In Cook & Bros. v. Forst, 116 Ala. 395, 22 South. 540, this court wrote:

"To entitle an agent or broker to commissions, he must show that he procured a purchaser who was able and ready to comply with the terms and conditions of sale."

In Sayre v. Wilson, 86 Ala. 156, 5 South. 160, this court said:

"'A broker who is employed to sell property on commission earns his compensation when he has been the efficient agent in procuring a satisfactory purchaser who is able, ready, and willing to buy the property on the terms fixed by the owner; and if the sale is not consummated, by reason of the owner's fault, this fact is no bar to the recovery of commissions. * * * If an unsatisfactory purchaser is found—one who is not able or ready or willing to accept and perform the proffered terms—the owner may refuse to accept him, and is under no liability to pay the broker for his services."

See Erswell v. Ford, 205 Ala. 494, headnote 3, 88 South. 429.

Under the contract plaintiff was employed to sell the land on terms specified in writing as modified by mutual consent at the time of the auction sale. The sale was never consummated; the security for the cash payment was never given; and no part of the consideration was ever paid. The note sued on was given for the commissions to the plaintiff by the defendants under the contract. The defendants plead there was no consideration for the note. If plaintiff was entitled to his commissions, there was a consideration for the note. If the plaintiff under the contract of employment to sell the land procured a purchaser, King, who was able, ready, and willing to buy the property on the terms fixed by the owner, Livingston and the sale was not consummated on account of the fault of the owner, Livingston, then plaintiff earned his commissions, and was entitled to recover them.

The testimony on this subject was in direct conflict. King's testimony tended to show he was ready, willing, and able to comply with his contract of purchase and the terms of the sale, and to give the security—sufficient security—for the first cash payment, but he could never get the defendant Livingston to agree to take it. The testimony of Livingston was to the contrary, that he was ready, willing, and able to carry out his part of the contract with King, but King would not give the security for the cash payment. There was evidence tending to show that Livingston decided not to sell the place and some days after the auction sale "notified King that the contract was ended." There was also evidence that Livingston stood ready at all times to carry out his part of the contract, and that King did not propose and offer sufficient security for the cash payment.

[1] The court gave the jury the general affirmative charge, with hypothesis, in favor of the defendants. It was in writing and requested by the defendants. This was reversible error. The evidence was in direct conflict on material facts in issue in the case; and, when this is true, that charge should not be given by the court for either party. L. & N. R. R. Co. v. Lancaster, 121 Ala. 471, 25 South. 733.

The other errors assigned need not be discussed; if they arise at all on another trial, they will be in different form.

For the error mentioned the judgment is reversed.

Reversed and remanded.

All the Justices concur.

### On Rehearing.

The appellee Livingston, by his attorneys, Messrs. Horton & Patton, insists that the application for rehearing should be granted, the reversal of the judgment set aside, and their motion to dismiss the appeal should be considered and granted by this court.

This cause was submitted in the Court of

Appeals on January 31, 1922; the motion to dismiss the appeal was filed in the Court of Appeals with brief attached on February 23, 1922. This was 23 days after the cause was submitted. There is nothing to show a copy of the motion, and a copy of the brief attached to it, were served on the appellant or his attorneys of record.

[2] This motion requests the court to dismiss the appeal because "no citation or notice of appeal was issued or served upon appellee J. D. Livingston, as required by Code, § 2881." The transcript does not contain a copy of the citation of appeal and its service, and the original was not sent to the clerk of the court, as directed by Rule 30 of the Supreme Court; but the certificate of appeal signed and issued by the clerk in this case under Rule 44 of Supreme Court (175 Ala. xxi, 61 South. viii) states:

"That notice of said appeal was on the 24th day of May, 1921, served on Horton & Patton as attorneys of record for said appellee."

The transcript shows Messrs. Horton & Patton were attorneys of record for J. D. Livingston in the circuit court. The contents of this certificate of appeal under this Rule 44 shall not be duplicated when the transcript is prepared, but it shall be attached to the transcript when filed in this court. It is in the transcript in this cause. It is made by Rule 44 a part of the record of this cause. The statement in it as to issuance and service of notice of the appeal does not correspond with the averments in the motion of this appellee. The court will have to be governed and controlled by the statements made in this certificate of appeal issued and signed by the clerk of the circuit court as to the issuance and service of the notice of appeal when, as in this case, there is no evidence to the contrary before us.

The motion to dismiss the appeal is refused, and the application for a rehearing is overruled.

All the Justices concur.