### EHRMAN MFG. CO. v. CARROLL & SONS. (4 Div. 224.)

(Supreme Court of Alabama. Oct. 22, 1925. Rehearing Denied Nov. 19, 1925.)

**I. Sales ⊂⇒52(I)—Burden is upon defendants to prove breach of contract which is set up as defense.**

Where defense to action for past-due account was damages for breach of contract wherein defendants had ordered certain goods which plaintiffs had failed to send, burden was upon defendants to prove that said order had been received and accepted by plaintiff.

**2. Sales ⊂⇒181(11)—Evidence held insufficient to establish breach of existing binding contract to ship 200 dozen pairs of overalls.**

In action to recover on account, where defense was breach of contract whereby plaintiff agreed to sell defendant 200 dozen pairs of overalls, evidence *held* insufficient to establish breach of existing binding contract with plaintiff to ship said overalls as of date alleged.

Appeal from Circuit Court, Dale County; J. S. Williams, Judge.

Action in assumpsit by the Ehrman Manufacturing Company against Carroll & Sons. From a judgment over for defendant, plaintiff appeals. Transferred from Court of Appeals under Code 1923, § 7326. Reversed and remanded.

O. S. Lewis, of Dothan, for appellant.

The burden of proof was upon defendant to show acceptance by plaintiff of the order. C. W. Cochran Lbr. Co. v. Paterson & Edy, 202 Ala. 366, 80 So. 448; Couret v. Conner, 118 Miss. 374, 79 So. 230; Ex parte Patrick, 205 Ala. 662, 88 So. 837; Benton Mer. Co. v. Owensboro Wagon Co., 207 Ala. 49, 91 So. 784. Defendant failed to meet this burden of proof. Manier & Co. v. Appling, 112 Ala. 663, 20 So. 978; Birmingham News Co. v. Read, 200 Ala. 655, 77 So. 29; Phillips-Boyd v. McKinnon, 197 Ala. 443, 73 So. 43.

Riley & Stokes and Sollie & Sollie, all of Ozark, for appellee.

If Botts received the order, it was his duty to send it to appellant, and the presumption obtains that he did. Linnehan v. State, 116

---

⊂⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Ala. 471, 22 So. 662; Moses v. U. S., 166 U. S. 571, 17 S. Ct. 682, 41 L. Ed. 1119; 9 Ency. Evi. 917, 920. The question of acceptance in this case was for the jury. Mactier v. Frith, 6 Wend. (N. Y.) 103, 21 Am. Dec. 262; Jordan v. Patterson, 67 Conn. 473, 35 A. 521.

ANDERSON, C. J. The plaintiff sued the defendants for a past-due account, which was undisputed, and, if this had been all, the plaintiff would have been entitled to a judgment for the amount claimed. The defendants, however, set up, by way of recoupment, the breach of a contract for the shipment of 200 dozen overalls of January 18, 1918, and recovered a judgment over, so the only controversy in the case arose over the defense to the action and not the existence of the plaintiff's cause of action.

[1, 2] The order given by the defendants, through the broker or agent, Botts, and which the defendants claim was breached, expressly provided that it was conditional upon acceptance by the plaintiff when received. The burden was therefore upon the defendants to prove that said order had been received and accepted by the plaintiff. It seems that on the 18th day of January, 1918, Botts took two orders from the defendants, the one in question for May delivery, and a smaller order to be filled at once, and which said last order was filled and paid by the defendants. The defendants claim that Botts gave them a copy or duplicate of the larger order, and that it described and gave the size of the garments ordered, and, while the plaintiff admitted getting two orders from Botts of January 18th, they claim that the one in question did not sufficiently describe the goods, and was, in fact, not like the duplicate or copy introduced by the defendants, and that it was rejected and never accepted, that they received no order of which the defendants' paper was a copy. They admit receiving two orders of January 18th; one of which they filled, and the other they declined to accept and so notified Botts. The plaintiff also attaches the larger order received from Botts, not a copy, but the original, and which does not correspond with the defendants' copy. The plaintiff's witness Reckert testified that they never received such an order as the defendants' copy, and introduced the original which they did not accept, and that they never in any form accepted the larger order of January the 18th.

We find nothing whatever in the record contradictory of this evidence, nothwithstanding the testimony of one of the defendants as to the contents of a missing postal card, claimed to have been received from the plaintiff shortly after giving the orders, and acknowledging receipt of the order and thanking them for same. There were two orders given on the same day—one was accepted and filled, and Rederick testifies positively that the other one was not accepted; and, under the elementary rule of weighing evidence, when it can be reasonably done, it should be so considered and construed as to make all the witnesses speak the truth, and we do not think the contents of the postal card, as given by Carroll, is in conflict with the plaintiff's evidence, in that it referred to the order that was accepted and filled and not the other one. Carroll put it in the singular, not the plural. Indeed, it is inconceivable that the card in question was intended as an unqualified acceptance of an order for 200 dozen pairs of overalls (2,400 pairs of garments) with no designation as to size. True, the purported copy of the order, as introduced by the defendants, does describe and give the size of the garments, but the original order, as set out by the plaintiff, and which was received, does not do so, and, if the original so set out was spurious or had been changed or tampered with, there was nothing brought out in the evidence to disclose this fact. We also think that the conduct of the defendants indicate that they did not regard the card as an acceptance of the large order or that they expected or contemplated the fulfillment of same, as we find them giving orders subsequently for similar goods at a higher price, to be delivered about the same time that they would have been due under the order in question, to wit, May the 3d, 1918. In other words, why would the defendants have ordered similar goods at a higher price, had they believed or been under the impression that they had a subsisting binding contract with the plaintiff for delivery about the same time, of 2,400 pairs of garments of a similar character and at a lower price? Nor do we hear a word of protest in May, June, or July, a period of three months, as to a failure of delivery on May the 3d, as the first complaint was not made until the letter of August the 5th, three months after the claimed shipment was due, and after being pressed for the payment of the last, or April, order.

We think, as matter of law, and so hold, that the defendants failed to establish the breach of an existing binding contract with the plaintiff to ship 200 dozen pairs of overalls as of the date of January the 18th, 1918, and the trial court erred in not so holding, and the judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.