(114 So. 275)

**EHRMANN MFG. CO. v. CARROLL & SONS.**
**(4 Div. 300.)**

Court of Appeals of Alabama.   Nov. 1, 1927.

See, also, 214 Ala. 6, 106 So. 165.

O. S. Lewis, of Dothan, for appellant.

Riley & Stokes and Sollie & Sollie, all of Ozark, for appellees.

RICE, J.   ■ Appellee's motion to dismiss this appeal, being based upon matters in existence at the time of submission of the appeal upon its merits in this court, and being made some 20 days subsequent to the date of such submission, and after appellees had filed their briefs in this court, comes too late, and will be disregarded.

■ It may not be out of place, though, to say that rule 43 of the Supreme Court (Code

1923, p. 893) provides that the certificate of appeal therein mentioned shall be made out and forwarded to the clerk of this court "when a party to a civil case has executed, had approved, and filed his security for costs or an appeal bond," etc. The certificate of appeal in this case was duly filed in this court on December 10, 1926, reciting that the necessary steps for perfecting the appeal had been taken by appellant within the time required by law. In the absence of a showing to the contrary, we will assume that the recitals in this certificate are true. Millican v. Livingston et al., 207 Ala. 689, 93 So. 620. And the transcript need not contain a duplication of such recitals. Id. So, in any event, the motion to dismiss the appeal must fail.

This case has been here on appeal once before, when it was transferred to the Supreme Court. The report of the decision of that court reversing the judgment of the lower court (214 Ala. 6, 106 So. 165), gives a sufficient statement of the facts involved. On the second trial, from the judgment in which this appeal is taken, the verdict of the jury was similar to that on the first.

Perhaps the strongest insistence of appellant on this appeal is that we should reverse the judgment appealed from on substantially the same ground laid for the reversal on the first appeal, i. e., that defendant in the court below, appellee here, failed as matter of law to establish the breach by the plaintiff of an existing binding contract with the plaintiff as of the date of January 18, 1918, to ship certain garments therein mentioned to defendant. In the opinion by the Supreme Court, supra, the particular defect or item of failure in defendant's testimony, causing it to fall short of being legally sufficient to discharge the burden resting upon defendant to show a breach of this contract, was pointed out as being the failure of the said testimony to show an acceptance by the plaintiff of the terms of said contract, or order to ship certain goods—the contract or order showing upon its face, it being in writing, that it was not to become binding without such acceptance.

The testimony offered by defendant upon the trial resulting in this appeal does not appear, as shown by the bill of exceptions, to be subject to this defect. Whereas, on the former appeal all that the testimony of defendants as shown by the bill of exceptions disclosed on this point was, as noted by the Supreme Court, that they received a post card from plaintiffs "acknowledging receipt of the order, and thanking them for same," on this appeal it appears that the testimony offered by defendants went further, and was to the effect that, shortly after giving to plaintiffs the order in question, defendants received from plaintiffs a post card describing the order, or referring to it in definite terms, and definitely accepting it. We think the testimony legally sufficient. Its weight was entirely for the jury. Appellant's strenuous insistence that the court should not countenance nor permit a party to a suit to change his testimony on a second trial to meet the criticism of an opinion on a former appeal of the same case is answered here by the observation that the record shows nothing more than that upon the second trial, from the judgment in which this appeal is taken, defendant's witness added certain statements not made upon the first trial of the case. As we see it, and we so hold, none but the jury had, or has, the right to say whether or not his testimony upon the second trial was true.

There are no questions presented for our consideration arising out of the pleadings. The other questions raised and argued in appellant's brief involve but the simplest principles of law, and seem to require no discussion by us. In each instance we find the ruling of the trial court underlying same to be free from error.

The criticisms of appellee's contentions found in the opinion written by the Supreme Court (Ehrman Mfg. Co. v. Carroll & Sons, 214 Ala. 6, 106 So. 165) on the former appeal of this case may be in some measure applicable here. However, the issues of fact appear to have been fairly submitted to a jury, and we can see no justification for our setting aside its finding. The judgment is affirmed.

Affirmed.