304 So.2d 172

**James R. ALLEN**

**v.**

**Mary E. GLOVER, as Administratrix of the Estate of Janice B. McCullough, Deceased.**

**SC 903.**

Supreme Court of Alabama.

Nov. 27, 1974.

Campbell W. Glover, Guntersville, for appellant.

Donald M. Briskman, Mobile, for appellee.

JONES, Justice.

This appeal was submitted on appellee's Motion To Dismiss Appeal And Strike Appellant's Briefs and on the merits.

*On Motion To Dismiss*

The only ground argued by appellee in support of the motion to dismiss is:

"Appellant's assignments of error are not mentioned or argued in the Appellant's brief."

This contention is based on the following language in Supreme Court Rule 9:

"Appellant's brief under separate headings shall contain:  .  .  .  (d)

argument with respect to errors assigned which counsel desire to insist upon. Assignments of error not substantially argued in brief will be deemed waived and will not be considered by the court."

Appellant replies in kind and insists that appellee's motion to dismiss was not timely filed in violation of the following provision of Rule 52:

"Any defect or insufficiency in a brief shall be deemed waived by the opposing party . . . unless such opposing party . . ., *prior to submission*, files a motion with this court . . ." (Emphasis added.)

The record supports appellant's contention in that this appeal was submitted on the merits on October 24, 1974, and the motion to dismiss was filed on October 28, 1974.

■ Moreover, resort to Rule 52 is not necessary in view of the established rule that a motion to dismiss an appeal which has been made after the filing of briefs and after the cause has been submitted comes too late for consideration and will be disregarded. Vacalis et al. v. Lowry, 279 Ala. 264, 184 So.2d 345 (1966); Walker v. Harris, 235 Ala. 384, 179 So. 213 (1938); Gibson v. Farmers' Bank of Luverne, 218 Ala. 554, 119 So. 664 (1929); Ehrmann Mfg. Co. v. Carroll & Sons, 22 Ala.App. 217, 114 So. 275 (1927); Luther et al. v. Luther, 211 Ala. 352, 100 So. 497 (1924); Twinn Tree Lumber Co. v. Day, 181 Ala. 565, 61 So. 914 (1913).

While this motion to dismiss was filed too late for consideration, we nevertheless observe that the only argued ground in support of the motion is without merit in view of the first sentence in appellant's brief under the heading *Argument*:

"It is the contention of the Appellant that the trial court erred both in denying the Appellant's motion to set aside the granting of the Appellee's motion to condemn funds in the hands of the Appellant (Garnishee) and in the rendering of a judgment against the Appellant."

## On Appeal

■ The sole question presented by this appeal is whether moneys paid to the guardian of a mentally incompetent veteran under Tit. 38, § 3101, U.S.Code, may be subjected by garnishment against the guardian for the payment of a judgment obtained by a creditor against such non compos mentis. We answer this question in the negative and reverse and remand.

The affidavit for garnishment on which the writ of garnishment was issued discloses that Mary E. Glover, as Administratrix of the Estate of Janice B. McCullough, deceased, recovered a judgment against Glenn Ballew in the Circuit Court of Mobile County on April 30, 1973; that the judgment remains wholly unsatisfied; and that James R. Allen, Ballew's guardian, is indebted to or has in his possession or control money belonging to Ballew. Allen's amended answer avers that he was and will be indebted to Ballew in the capacity of guardian; that he is not liable to Ballew for delivery of the money to Ballew as an incompetent person; and that the funds held by him as guardian for Ballew are funds received from the Veterans' Administration as benefits for Ballew under Tit. 38, § 3101, U.S.Code; and, consequently, such funds "are benefits which are exempt from the claim of creditors and shall not be liable to attachment."

Subsequently, the trial Court, in an ex parte proceeding, granted Glover's Motion For Condemnation Of Funds In The Hands Of Garnishee. Allen thereupon moved to have the order of condemnation set aside on the grounds that he had not been afforded a hearing with respect to the motion to condemn the funds and the garnishee's answer thereto; that the condemnation contravenes federal law; and that the defendant is a non compos mentis. This motion was denied and judgment was entered against Allen as garnishee in the

sum of $20,000. Both the order of condemnation and the judgment against the garnishee were entered without a hearing, and, consequently, we must assume that the court took the averments of the garnishee's answer as being true. That is to say, we can perceive of no rational basis for the trial Court's action in proceeding to a final judgment against the garnishee without a hearing in the face of the answer filed by the garnishee unless the trial Court was of the opinion that, assuming the truthfulness of the factual averments therein, such averments did not constitute a legal defense to the writ of garnishment.

§ 3101 of the Federal Act provides in part:

"Payments of benefits due or to become due under any law administered by the Veterans' Administration shall not be assignable except to the extent specifically authorized by law, and such payments made to, or on account of, a beneficiary shall be exempt from taxation, shall be exempt from the claim of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary."

Mr. Justice Brown of the Alabama Supreme Court in Derzis v. Vares, 227 Ala. 471, 150 So. 461 (1933), which was concerned with this very same Act, stated:

"The clear effect of these provisions of the statute is to exempt said funds in the hands of the guardian, or on deposit to his credit in the bank, from being subjected to the claims of creditors and from seizure under process issued for the collection of debts.

"The benevolent purpose manifested in the act of Congress is to preserve the fund for the support of the mentally incompetent soldier, that he may not be reduced to want and become a public charge. The power of the Congress to protect the fund provided by the government for the support of disabled and incompetent soldiers and their dependents

is well settled. United States v. Hall, 98 U.S. 343, 25 L.Ed. 180; Perrydore v. Hester, 215 Ala. 268, 110 So. 403; Payne, Adm'r, v. Jordan, et al., 152 Ga. 367, 110 S.E. 4; Id., 28 Ga.App. 151, 110 S.E. 452; In re Succession of George Charles I. Geier, Dec'd, 155 La. 167, 99 So. 26, 32 A.L.R. 353."

The ruling of the Circuit Court is not in accordance with the foregoing analysis, and judgment is therefore due to be reversed and the cause remanded.

Reversed and remanded.

HEFLIN, C. J., and COLEMAN, BLOODWORTH and McCALL, JJ., concur.