## EDWARDS vs. EDWARDS.

[BILL IN EQUITY FOR DIVORCE AND ALIMONY.]

1. *Proof of plaintiff's residence.*—To authorize a decree for a divorce in favor of the plaintiff, where the defendant is a non-resident, proof must be made (Code, § 1969) of the plaintiff's *bona-fide* residence in this State for one year next before the filing of the bill; otherwise, the bill should be dismissed without prejudice.

2. *Decree reversed and rendered.*—Where the chancellor refuses to decree a divorce, because proof is not made of the plaintiff's residence in this State, but grants relief as to other matters embraced in the bill, the appellate court will, at the instance of the plaintiff, reverse the decree as to the divorce, and dismiss the bill, on that point, without prejudice.

APPEAL from the Chancery Court of Jefferson.
Heard before the Hon. JAMES B. CLARK.

THIS bill was filed by Mrs. Mary C. Edwards, by her next friend, against her husband, Wiley C. Edwards; seeking to obtain a divorce, on the grounds of cruelty, adultery, and abandonment, and to have certain slaves set apart to her as alimony. The parties were married in this State, and soon afterwards removed to Mississippi, where the alleged grounds of divorce occurred. Of the slaves which the complainant asked to have set apart to her, some belonged to her at the time of her marriage, which occurred in this State, in May, 1847, and others afterwards accrued to her, as her distributive share of her mother's estate, but the record nowhere shows at what time her mother died. On final hearing, the chancellor held, that the complainant was not entitled to a divorce, because she had adduced no proof of her residence in this State for one year next preceding the filing of the bill; but he further held, that she was entitled to hold the slaves, of which she was possessed in her own right at the time of her marriage, for her support and maintenance, "until the defendant comes before the court, and stipulates, with sufficient security, to take the complainant home, and to treat her in a kind, humane, and husband-like manner";

and that she was also entitled to hold the other slaves, which she claimed as her distributive share of her mother's estate, to her sole and separate use. The complainant appeals from this decree, and assigns for error the refusal of the chancellor to grant her a divorce.

MORGAN & MARTIN, for the appellant.

No counsel appeared for the appellee.

RICE, C. J.—According to section 1969 of the Code, when the defendant to a bill for divorce is a non-resident, the complainant "must have been a *bona-fide* resident of this State, for one year next before the filing of the bill; which must be alleged in the bill, and proved." One of the objects of the bill in this case, is to obtain a divorce. There is no proof that the complainant was a resident of this State, for one year next before the filing of the bill. For want of such proof, the bill, so far as it could be regarded as a bill for divorce, should have been dismissed, without prejudice to the right of the complainant to file another bill for divorce. We shall reverse the decree of the chancellor, so far as it relates to the divorce sought by the bill, and render a decree, so far as the divorce is concerned, in conformity with the view above expressed, without interfering with the decree in any other respect. Taliaferro v. The Branch Bank at Montgomery, 23 Ala. 755; Larkins v. Biddle, 21 Ala. 252.

The next friend of the appellant must pay the costs of the appeal to this court.

WALKER, J., not sitting.