HOPKINSON *vs.* SHELTON.

[TROVER AGAINST SHERIFF.]

1. *Requisites of plea.*—It is no objection to a special plea, under our system of pleading, that it presents matter which is available under the general issue, which is also pleaded.
2. *Plea of former recovery.*—A plea of former recovery must show that the cause of action in the two suits is the same,
3. *Same; conclusiveness of judgment as bar.*—The recovery of a judgment against a sheriff and his sureties, in an action on his official bond, by two joint owners of a chattel, for his wrongful acts in selling the entire interest in the chattel under execution against one of the joint owners, and in making the sale at a place not authorized by law, is a bar to a subsequent action of trover against him, by the joint owner who was not a party to the process, for the conversion arising from the wrongful sale of the entire interest; and the conclusiveness of the bar is not affected by the fact, that only nominal damages were recovered in that action; nor by the further fact, that the action itself was not strictly maintainable.

APPEAL from the City Court of Mobile.
Tried before the Hon. ALEX. McKINSTRY.

THIS action was brought by C. B. Hopkinson, against James T. Shelton, to recover damages for the conversion of certain cattle, which the defendant, as sheriff of said county, had seized and sold under execution against one F. B. Sheppard. The defendant pleaded, 1st, the general issue; 2d, justification under the execution against Sheppard, averring that the cattle were the property of said Sheppard, and were liable to sale under the execution; and, 3d, a special plea in the following words: "3. And for a further plea, defendant says, that said plaintiff ought not further to have or maintain his said action against him, because he says, that the said plaintiff and F. B. Sheppard instituted a suit, in their joint names, against this defendant, as sheriff, and his sureties on his official bond, on the same day this suit was brought, to recover damages for the defendant's selling the same cattle, for the conversion of

which this suit is brought, under an execution, issued from
the city court of Mobile, in favor of one W. R. Smith,
against said Sheppard ; and that at the present term of this
court, to wit, on the 28th March instant, said suit was tried,
and a recovery was had against this defendant for the sale
thereof, and damages assessed against this defendant and
his sureties, in favor of said plaintiff and said Sheppard ;
and he avers, that this recovery was for the sale of the
same cattle, for the conversion of which this suit is brought;
which said recovery still remains of record, in full force ;
and he pleads this recovery in bar of the further prosecu-
tion of this suit, and prays judgment," &c.   The plaintiff
took issue on the first plea, and demurred to the others—"1st,
because said second and third pleas are repugnant ; 2d, be-
cause said plea amounts to the general issue, as pleaded in
the first plea ; 3d, because, as to the third plea, it does not
set out the record with sufficient certainty ; 4th, because
said third plea does not show that the suit, on which the
recovery therein pleaded was had, was between the same
parties ; 5th, because it does not show that the cause of ac-
tion for which this suit is brought, was, or could have been,
tried in said former suit ; 6th, because it does not show
that the cause of action in said former suit was the same
as that on which a recovery is sought in this action ; 7th,
because it does not show that the recovery sought in this
action was, or could have been, had in said former suit ;
8th, because it does not show that the merits of this action
were, or could have been, tried in said former action ; 9th,
because it does not show that the judgment in the former
suit has been satisfied ; and, 10th, because it does not show
what were the issues decided in the said former action."
The court overruled the demurrer, and the plaintiff then
replied *nul tiel record ;* and it was agreed, that any other
appropriate special replication should be considered as filed,
and that any special matter might be given in evidence.

    On the trial, as the bill of exceptions shows, the plaintiff
proved the joint ownership of the cattle by himself and
F. B. Sheppard, the levy of an execution on them by the

defendant, as sheriff, against said Sheppard individually, and the sale of them under said execution, on the 25th October, 1858, as the sole and separate property of Sheppard. The defendant then read in evidence the record of the former suit brought by the plaintiff and said Sheppard jointly, against the defendant and the sureties on his official bond, together with the bill of exceptions reserved by the plaintiffs in that case, and the decision of the supreme court thereon rendered; "and it was admitted, that the same cattle constituted the subject-matter of both suits." It was agreed, also, that the decision of the supreme court in the former case might be read from the printed report, (34 Ala. 652–59,) as if incorporated in the bill of exceptions in this case.

"This being all the evidence in the cause," the court charged the jury, at the instance of the defendant—"1st, that if they believe the cattle sued for are the same cattle for the sale of which the suit of *Hopkinson & Sheppard v. Shelton et al.* was brought, the record of which suit was read in evidence, then the plaintiff cannot recover; 2d, that if the cattle belonged to Hopkinson and Sheppard as partners, the suit of *Hopkinson & Sheppard v. Shelton et al.* is a bar to this suit." The plaintiff excepted to these charges, and then requested the court to instruct the jury —"1st, that the verdict and judgment in the suit of *Hopkinson & Sheppard v. Shelton et al.* is conclusive evidence, in this suit, of the plaintiff's interest in the cattle; 2d, that if Hopkinson and Sheppard were joint owners of the cattle, and the defendant, as sheriff, sold said cattle as the sole and exclusive property of Sheppard, under an execution against him individually, and Sheppard & Hopkinson recovered only nominal damages in the former action, when, by reason of the misjoinder of plaintiffs, they were by law entitled to none;—then the recovery in that suit is no bar to this suit; 3d, that if Hopkinson & Sheppard owned the cattle jointly, and the defendant, as sheriff, sold the entire property under execution against Sheppard individually, they must find for the plaintiff; 4th, that the ver-

dict and judgment in the former suit is no bar to the plaintiff's recovery in this action ; 5th, that if the evidence in this suit would not have sustained the action in the former suit, then the judgment in that suit is not a bar in this ; 6th, that the plaintiff in this action could not have recovered in the former suit the demand claimed in this, and, therefore, was entitled to recover in this suit for the value of his interest in the cattle ; and, 7th, that the jury must find for the plaintiff, under the facts of this case." The court refused each of these charges, and the plaintiff excepted to their refusal.

The overruling of the demurrer to the second and third pleas, the charges given to the jury, and the refusal of the several charges asked, are now assigned as error.

H. F. DRUMMOND, for appellant.
DARGAN & TAYLOR, contra.

A. J. WALKER, C. J.—Under our system of pleading, which allows the filing of a plurality of pleas, it is no objection, that a special plea presents matter of defense available under the general issue, which is also pleaded.—*Dunham v. Riddle*, 2 St. & P. 402 ; Code, § 2237 ; Pamphlet Acts of 1853–54, p. 60. The refusal of this court to reverse, on account of the erroneous sustaining of a demurrer to a plea, where the general issue was pleaded, and the defense might have been made under it, is put, not upon the ground that the special plea was objectionable, but that no injury resulted from the erroneous action of the court. *Rogers v. Brazeale*, 34 Ala. 512. There is a common-law rule, "that where a plea amounts to the general issue, it should be so pleaded ;" but it is probable that the enforcement of that rule was discretionary with the court.—Stephens on Pl. 419–422, ch. 2, § 6. It was no valid objection to the second plea, that it amounted to the general issue.

[2.] The third plea, setting up a former recovery, does not show that the cause of action in the two suits was the

same. The cause of action in this case, is the conversion of the cattle mentioned. The cause of action, alleged to have been the basis of the former recovery, is the sale of the same cattle by the defendant as sheriff. It is not averred, that the conversion, for which this suit was brought, was identical with the sale, for which the other suit was brought. There may have been an actionable conversion altogether distinct from the sale. The court erred in overruling the demurrer to this plea.

[3.] The main question before us is, whether the recovery of nominal damages, in the case of *Hopkinson and Sheppard v. Shelton*, (the decision of which in this court is reported, under the title of *Sheppard v. Shelton*, in 34 Ala. p. 652,) is a bar to this suit, when it is shown that the conversion of cattle for which this suit is brought was effected by the levy upon the same by the defendant, as sheriff, under *fieri facias* against Sheppard alone, and the subsequent sale of the same under the execution; and that such sale was the sale for the making of which the former suit was brought by the plaintiff and Sheppard, they being joint owners of the cattle. To determine this question, it is necessary to ascertain what is the legal cause of action in this suit. The sheriff, having an execution against Sheppard alone, had authority to levy on the cattle, which were the joint property of the defendant in execution and the plaintiff in this case, and to hold possession of the same until the sale.—*Andrews v. Keith*, 34 Ala. 722; *Moore v. Sample*, 3 Ala. 319; *Winston v. Ewing*, 1 Ala. 129. The cause of action in this case, therefore, is not a conversion produced by the levy, taking and retaining of the property up to the sale. The sheriff's conduct was legal, up to the time of sale. A sale of the entire property, under an execution against one of the joint owners, would render the sheriff a trespasser as to the joint owner who was not a defendant in the execution; and this is the cause of action, which would accrue to the plaintiff, upon the facts stated in the question above propounded.—*Sheppard v. Shelton*, 34 Ala. 652; *Smyth v. Tankersley*, 20 Ala. 212.

If the wrongful sale of the property was the cause of action in the former suit, and a recovery was thereupon had, it is a bar to this suit. It can make no difference, that the form of action was different.—Starkie on Ev., part 2, p. 198; *Tarleton & Pollard v. Johnson*, 25 Ala. 300; *Langdon v. Raiford*, 20 Ala. 532. Nor does it affect the question, that, in strictness of law, the plaintiff's right could not have been properly adjudicated in the former action, if it was in fact set up and passed upon, in a court of competent jurisdiction, at the plaintiff's instance.—*Tarleton & Pollard v. Johnson, supra*. Nor does it make the former suit less effective as a bar, that in it the court, by an erroneous ruling, diminished the plaintiff's recovery down to merely nominal damages.—*Smith v. Whiting*, 11 Mass. 445; *Planter v. Best*, 11 Johns. R. 530; *Philips v. Berick*, 16 Johns. R. 136; *Brockway v. Kinney*, 2 ib. 210.

The cause of action in the former suit was the sale of the entire property in the cattle, by virtue of process against one of the owners, and at a place not authorized by law. The charge of the court authorized a finding by the jury of the damage resulting from such sale, but required a deduction from the damage of so much of the proceeds of sale as was paid over on the execution by the sheriff; and instructed the jury, that, if the property sold for as much as it would have sold for at a place prescribed by law, and the proceeds of the sale were all paid over on the execution, then they must find nominal damages for the plaintiff. The jury found nominal damages. The court also refused to separate Hopkinson's interest from that of the defendant in execution, and allow a recovery of his damages. We think, that the plaintiff's damages, resulting from the sale, alleged to have been wrongful for the two reasons—that the entire property was sold under an execution against one owner, and that the sale was at a wrong place—were considered and adjudicated; and that, under the charge, those damages were reduced to a nominal amount, because the property sold for its value, and the proceeds of the sale were paid over on the execution. The

plaintiff cannot again, have his claim for damages on account of the wrongful sale adjudicated ; and if this suit be for the same sale, it is barred by the former judgment. And upon the principles stated above, this case is not relieved from the bar, because the form of action in the former suit was different ; nor because the action was not, in strictness of law, maintainable ; nor because the court, in the former case, erroneously ruled, that the plaintiff's damages were subject to reduction to a nominal sum.

We have adopted what we conceive to be the *prima-facie* construction of the record in the former suit. We do not consider, for we do not think it necessary, whether parol proof would be admissible to show that, in fact, the subject-matter of this suit was not adjudicated.

We do not deem it necessary to decide any other question in the case.

Judgment reversed, and cause remanded.