# Converse Bridge Company v. Collins.

*Action on Common Counts by Common Carrier to Recover Freight Charges.*

1. *Right of connecting carrier to pay charges of previous carriers.* The last of several connecting carriers may pay the freight charges due to the previous carriers and have a lien for, and collect from the consignee, not only his own compensation, but also the amount so paid.

2. *Connecting carrier cannot pay to preceding carrier, with notice that charges have been prepaid.*—A carrier who receives goods from another carrier, knowing, or having knowledge of facts which should put it on inquiry, that a through contract has been made by the shipper and that the charges to the point of destination have been paid to the initial carrier, is not justified, without express authority from the consignee, in paying charges claimed by preceding carriers, especially where no question as to the correctness of the rate or amount charged by the initial carrier is raised, and cannot assert any lien on the goods either for its own compensation or for any amount it may have paid to the preceding carrier with such notice.

3. *Bill of lading notice of prepayment of freight.*—A connecting carrier is not justified in paying, and cannot recover from the consignee, charges of preceding carriers, paid by it, when the evidence, without conflict, shows that the freight charges from the point of shipment to the point of delivery were paid in advance to the initial carrier, and this fact is shown by the bill of lading inspected by the plaintiff; and if there are other marks on the bill of lading from which the contrary might be inferred, it was the duty of plaintiff to institute inquiry, which, if followed up, would have shown the fact of such payment.

4. *Set-off allowed under plea in short by consent.*—Where defendant pleaded "in short, by consent, the general issue, with leave to

give in evidence any matters which could be properly specially pleaded," under such plea, unobjected to, and issue joined thereon, the defense of set-off was available as though specially pleaded.

5. *Money paid by defendant's agent under mistake of fact is available as set-off.*—Where money was paid by defendant's agent, on account of freight charges claimed by plaintiff, under a mistake and in ignorance of the fact that the freight charges had been prepaid, defendant had a good cause of action to recover back the same, and the claim was a proper subject of set-off.

APPEAL from Geneva Circuit Court.
Tried before Hon. J. W. FOSTER.
The case is stated in the opinion.

W. O. MULKEY, for appellant, cited, *Mobile & Ohio R. R. Co. v. Copeland*, 63 Ala. 219; *Montgomery & Eufala R. R. Co. v. Culver*, 75 Ala. 587; *Louisville & Nashville R. R. Co. v. Meyer*, 78 Ala. 597; *Mobile & Ohio R. R. Co. v. Dismukes*; 18 Am. and Eng. Encyc. of Law, pp. 225-6; 3 *Ib*, 933.

BRICKELL, C. J.—Appellant, defendant in the court below, delivered to the Cleveland, Cin. Chic. & St. L. Railroad Co. at Columbus, Ohio, two car loads of bridge material, consigned to itself at Eunola, Alabama, and paid the full freight charges thereon through to Geneva, Alabama, which town is close by Eunola. The goods were received by the railroad company under an agreement, as shown by the bill of lading, to carry them "to the said destination, if on its road, or otherwise to deliver them to another carrier on the road to said destination," and were transported by it to Cincinnati, and there delivered to the Louisville & Nashville Railroad Co., by which company they were carried to Careyville, Florida. At Careyville appellees, who were common carriers operating a steamboat on the river between Careyville and Eunola, called for the goods, at the request of appellant's agent who was constructing a bridge at Eunola, and presented the bill of lading, which, as plaintiff testifies, was marked in one place "prepaid" and in another "collect," but a copy of which, attached to the deposition of the initial carrier's agent at Columbus, has plainly written across the face there-

of in red ink only the words "prepaid to Geneva, Ala.,
$164.60, L. B. Cooke, Agt." The agent of the L. & N. R.
Co., at Careyville, demanded the payment of that road's
charges, amounting to $129.86, before delivering the
goods to appellee, and the latter, without further in-
quiry, paid the amount, carried the goods to Eunola and
delivered them to appellant's alleged agent in charge of
the construction of the bridge, demanded the repayment
of said $129.86, together with the sum of $54.36, their
own charges for carrying the goods from Careyville to
Eunola. The agent, not knowing that the entire charges
from Columbus to Geneva had been prepaid at Colum-
bus, thereupon paid to appellee $125 on account, and
the balance not having been paid, appellees sued to re-
cover the same, together with a separate account of $16
claimed to be due for freight charges on other goods car-
ried by it for appellant on another occasion, and from a
judgment in their favor this appeal is sued out.

Plaintiff, as shown by his own testimony, was a con-
necting carrier with the Louisville & Nashville Railroad,
and had traffic arrangements with that road under
which it was their custom, when the freight charges
were prepaid on goods received by them from that road,
to deliver the goods to the consignee and collect their
freight charges from the railroad company, and not
from the consignee. The way bill sent by the L. & N.
R. R. Co. to its agent at Careyville shows that the goods
were to be carried by that company from Cincinnati to
Eunola, and that the total charge therefor amounted to
$129.86, and at the head of the columns in which the
charges are placed are the words, "freight charges col-
lected," and the agent at Careyville testifies that he set-
tled according to this billing. Whether the word "col-
lected" was on the way bill when he received it, or
whether he added it after the payment by plaintiff, is
not shown by the testimony. The way bill from the L.
& N. R. R. Co. to plaintiffs does not contain anything
to indicate that the charges were prepaid. It is clear,
however, that both plaintiffs and the agent at Carey-
ville, having inspected the bill of lading, either actually
knew that defendant had contracted for through trans-
portation and paid in advance the charges from Colum-
bus to Geneva, or had knowledge of facts which should
have put them on inquiry, which, if followed up, would

have led to knowledge that the charges had been paid. The last of several connecting carriers may undoubtedly pay the charges due to the previous carriers, and have a lien for, and collect from the consignee, not only his own compensation but also the amount so paid. But a carrier who receives goods from another carrier, knowing that a through contract has been made by the shipper and that the charges to the point of destination have been paid to the initial carrier, is not justified, without express authority from the consignee, in paying charges claimed by preceding carriers, especially where no question as to the correctness of the rate or amount charged by the initial carrier is raised, and cannot assert any lien on the goods either for its own compensation or for any amount it may have paid to the preceding carrier with such notice.—Schouler on Bail. & Car. §611; *Marsh v. Un. Pac. Ry. Co.*, 3 McCrary, 250; 8 Am. & Eng. Ency. Law, (2d Ed.), 407. And the same is true if, although not having actual notice, it have knowledge of facts which should put it on inquiry, which, if followed up, would lead to such notice. The evidence is without conflict that the freight charges from Columbus to Geneva were in fact paid in advance by appellant, and the bill of lading so stated. If there were any other marks on the bill of lading from which the contrary might have been inferred, it was the duty of plaintiffs and of the agent at Careyville to institute inquiry as to the fact of payment, which inquiry would undoubtedly have led to knowledge of the fact. They were not justified in paying the back charges under the circumstances without express authority from defendant to do so, and were not entitled to recover the amount so paid. Nor were they entitled to recover any compensation for the transportation by themselves from Careyville to Eunola, unless it was such as was earned by carrying the goods the short distance from Geneva to Eunola, and there was no evidence before the jury from which the amount of compensation so earned could be determined. The way bill sent with the goods to the agent at Careyville shows that the goods were billed by the L. & N. R. R. Co. from Cincinnati to Eunola, and that the charges for this part of the transportation, including the transportation from Careyville to Eunola, amounted to $129.86, which sum plaintiff paid, and for which he was reim-

bursed by defendant to the amount of $125. Plaintiffs therefore paid to the L. & N. R. R. Co. with which they had arrangements as a connecting carrier, as shown above, the amount of compensation which they were themselves to earn by carrying the goods from Careyville to Eunola, and they must look to that company for reimbursement, and not to defendant.

But according to the evidence, there was a separate account of $16 due plaintiffs for carrying goods for defendant on a different occasion, whether before or after the other transaction does not clearly appear. If it was before, and if the $125 paid by defendant was a payment on the whole account, then there could be no recovery of the $16 account, since it was more than satisfied by the $125 payment; but if it was afterwards, or if the $125 were paid on the one transaction only, as the evidence tends to show, and was not a general payment on the whole account, then plaintiff was entitled to recover the $16 account, unless the pleadings were sufficient to authorize the defense of set-off. The judgment entry recites that "defendant withdrew all its pleas except that denying that plaintiff was a partnership, which plea remains on file. Defendant then pleaded in short, by consent, the general issue with leave to give in evidence any matters which could be properly specially pleaded * * * Issue being joined upon the pleadings," etc. Under such plea, unobjected to, and issue joined thereon, the defense of set-off is available as though specially pleaded. The $125 having been paid by defendant's agent to plaintiff under a mistake and in ignorance of the fact that the freight charges had been prepaid, defendant had a good cause of action against the plaintiff to recover back the same, and the claim was therefore a proper subject of set-off. Plaintiff under the undisputed evidence was, therefore, not entitled to recover anything, and the general charge requested by defendant should have been given. It is unnecessary to discuss the assignments of error relating to the charges and admission of testimony on the question of agency. There was no error in the admission of the evidence to prove the existence of the partnership between plaintiffs.

Reversed and remanded.