[Collins v. Smith.]

# Collins *v.* Smith.

*Bill to Annul a Lease.*

(Decided June 4, 1908. 46 South. 986.)

1. *Appeal and Error; Modification of Decree; Dismissal Without Prejudice.*—Where the evidence fails to support the averment of a bill but discloses a state of fact, which if properly pleaded, might authorize equitable relief, an absolute decree dismissing the bill may, on appeal to this court, be modified so as to dismiss without prejudice, and, as modified, affirmed by this court without committing this court to the validity of the claim which may be asserted on the statement of fact disclosed but not well pleaded in the original bill.

2. *Judgment; Bar; Dismissal Without Prejudice.*—The dismissal of a bill without prejudice is not a bar to another bill brought for the same purpose on different grounds.

APPEAL from Jefferson Chancery Court.

Heard before Hon. ALFRED H. BENNERS.

Bill by W. S. Smith against James A. Collins to annul a lease. From a judgment overruling respondent's demurrers, he appeals. Affirmed.

For former report of this case, see 151 Ala. 133; 43 South. 838.

CARMICHAEL & WYNN, for appellant. The affirmance with modification of the decree by the Supreme Court, the original decree being an absolute one dismissing the bill, is a bar to the maintenance of the present suit.— 2 Dan. Chan. P. & P. 994-996; 6 Ency. P. & P. 835; *Parsons v. Riley,* 10 S. E. 806; *Bell v. Simons,* 14 Mo. 100; *Strange v. Moog,* 72 Ala. 460.

VAUGHAN & DAVIDSON, and SMITH & SMITH, for appellee. The Supreme Court has power to modify its judgment and the judgment of the lower court.—*Jones v. Williams,* 108 Ala. 282; 30 Ala. 416; 2 Mayf. 188; 11 Ency. P. & P. 1068.

DENSON, J.—This is the third time this litigation has come before this court, and a brief history of the case is necessary to a clear understanding of the single question which is presented for decision by this appeal. On the 23d day of October, 1903, Smith filed his bill in the chancery court of Jefferson county against Collins for the purpose of having a lease executed by him and his wife to Collins canceled and annulled, on the theory that its execution was procured through fraud practiced and misrepresentations made by the lessee. A copy of the lease was attached to the bill and made a part of it. The respondent answered the bill, denying all allegations of fraud and misrepresentations, and on a submission of the cause to the chancellor on the pleadings and proof he rendered a decree on the testimony, denying relief and dismissing the bill. From that decree Smith prosecuted an appeal to this court, and on the 8th day of May, 1906, a decree was rendered by this court affirming the decree of the chancery court. On application for a rehearing, on the 30th of June, 1906, the court modified the decree of the chancellor, so as to dismiss the bill without prejudice, and, as modified affirmed the decree.—148 Ala. 672, 41 South. 825. On the 27th of July, 1906, Smith filed the present bill against Collins for the purpose of having the lease (the same one involved in the former litigation) canceled and removed as a cloud on his title. The equity of the bill is rested upon two theories: First, that the lease is unilateral, wanting in mutuality, and therefore a nudum pactum; second, that the execution of the lease was procured through fraud practiced and misrepresentations made by the lessee. A demurrer was sustained to the bill on the 17th day of September, 1906. The complainant amended the bill, and to the bill as amended the respondent filed a motion to dismiss for the want of equtiy. On

the 8th of November, 1906, a decree was rendered by the chancellor, overruling the motion to dismiss for the want of equity, and from that decree an appeal was prosecuted to this court by the respondent, and on the 8th day of April, 1907, a decree was rendered affirming the chancellor's decree.—151 Ala. 133; 43 South. 838.

It did not appear in the bill of July 27, 1906 (either original or as first amended )that any former litigation had taken place between the parties in respect to the lease; but after the decree of affirmance on the last appeal the complainant amended his bill by adding thereto sections 11 and 12. In section 11, the first bill filed, as amended, with its prayer, is set out in full, and it is averred that the respondent answered that bill as amended, "denying all allegations of fraud,' 'that evidence was taken in the cause, and that the chancellor rendered a decree, denying the relief prayed and dismissing the bill. The amendment then shows that the appeal heretofore alluded to was prosecuted by Smith from that decree, and that the decree was affirmed, with the modification that the bill be dismissed "without prejudice to the rights and equities of the complainant." Section 12 shows that the proceedings set out in section 11 "were between the same parties as the proceedings in this case, and sought to cancel the same lease contract sought to be canceled in this case; that a copy of said lease was attached to said bill and was identical with the copy attached to the original bill in this case." It is then averred that "said final decree of the chancery court, as modified by the Supreme Court upon appeal, is not a bar to the prosecution of this bill of complaint." Upon the filing of this last amendment the respondent demurred, upon the ground, in short, that the bill as amended showed on its face a former adjudication of the matters involved in the present action—res adjudicata. The chancellor over-

39 C

ruled the demurrer, and it is from the decree overruling the demurrer that the respondent prosecutes this appeal.

From the view we take of the case, it is not incumbent upon us to discuss the sometimes difficult question of res adjudicata in detail, nor to determine whether the theory of nudum pactum, now relied upon by the complainant, is precluded by that doctrine. We do not doubt that, where a bill in equity on its face shows a former adjudication, precluding the complainant from further maintenance of his action, the defense of res adjudciata may be presented by demurrer, though generally it is presented by plea or answer. When the litigation was here the first time, this court, after reaching the conclusion that the evidence was not sufficient to convince the judicial mind that the execution of the lease sought to be canceled was obtained by fraud, turned to a discussion of the point, made in the brief of appellant's counsel, that the lease is unconscionable, that the consideration is grossly inadequate, and, concluding, said: "There is no proof that the royalty agreed to be paid by the respondent upon the coal to be received by him or his assignee, in the event the lease is assigned, is not a full and adequate consideration for the lease. This court cannot judicially know that it is not. Besides, this ground is not alleged in the bill; and clearly, in the absence of an averment, no matter what the evidence may establish with respect to it, no relief could be had." It is probable that this is the origin, both of the request that the decree should, on affirmance, be modified so as to dismiss the bill without prejudice, and of the complainant's conception that a bill might be maintained on the nudum pactum theory. Be this as it may, we think the rule is well established that, in cases appealed from decrees by the chancellor rendered on the merits, if the evidence fails to support the action as made by the aver-

ments of the bill, but at the same time discloses a state of facts which, if pleaded, might authorize equitable relief, this court may modify an absolute decree dismissing the bill to one dismissing without prejudice to the right of the complainant instituting another suit, and, as modified, affirm it; and that, too, without any committal by the court as to the validity of the claim which may be asserted on the state of facts not pleaded.—*Burns v. Hudson*, 37 Ala. 62, 68; *Danforth v. Herbert*, 33 Ala. 497; *Cameron v. Abbott*, 30 Ala. 416, 419; *Edwards v. Edwards*, 30 Ala. 394; *Munchus v. Harris*, 69 Ala. 506; *Gilmer v. Morris*, 80 Ala. 78, 88, 60 Am. Rep. 85. See, also, *County of Mobile v. Kimball*, 102 U. S. 691, 26 L. Ed. 238. So much in justification of the decree rendered by this court, modifying the decree of the chancery court, if it needs justification.

But it must be borne in mind that we are not concerned with the rightfulness, or not, of that decree. The condition we have is: The decree of modification was rendered, and, this being true, we have the question presented: What effect should be given to a decree dismissing a bill "without prejudice to the rights and equities of the complainant"? In 16 Cyc. 469 (D), it is said: "A dismissal without prejudice merely prevents the operation of the order or decree as a bar to a new suit, leaving to the parties the same rights of prosecution and defense as if the new suit were the first instituted"—citing, in support of the text, *Nevvitt v. Bacon*, 32 Miss. 212, 66 Am. Dec. 609. In Mitford & Tyler's Pleading and Practice in Equity, 330, the rule is stated thus: "A decree or order dismissing a former bill for the same matter may be pleaded in bar to a new bill, if the dismission was upon hearing, and was not in terms directed to be without prejudice." In *Hazen v. Lyndonville*, etc., 70 Vt. 543, 41 Atl. 1046, 67 Am. St. Rep. 680,

the same principle is stated in this language: "A decree in equity dismissing the bill without prejudice only puts an end to the suit then pending, and is not a bar to a subsequent suit for the same cause of action." The opinion cites a number of authorities in support of the proposition.

But, aside from foreign authorities, our own court, in 1854, answered the question here propounded in the following language: "The effect of such reservation in the decree of dismissal is to prevent such decree from constituting a bar to another bill brought upon the same title; but it by no means commits the court as a judicial determination in favor of such title."—*Lang's Heirs v. Waring*, 25 Ala. 625, 639, 60 Am. Dec. 533. This case has not been overruled, nor do we think it should be. Therefore upon it, as authority, and upon the other authorities quoted from and cited, we conclude that the former suit presents no bar to the maintenance of the present bill, and the demurrer was properly overruled. The case of *Strong v. Moog*, 72 Ala. 460, relied on by appellant, is not in point. The general rule as there stated is the law, and the case it not in conflict with the conclusion here reached.

The decree of the chancellor, overruling the demurrer, is affirmed.

Affirmed.

TYSON, C. J., and ANDERSON and McCLELLAN, JJ., concur.