# Austin & Sons *v.* Hunter.

### *Assumpsit.*

(Decided April 6, 1915. Rehearing granted June 17, 1915. 69 South. 306.)

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

Action by Connie Hunter against Austin & Sons, and others, on a garnishment bond. Judgment for plaintiff, and defendants appeal. Reversed and remanded in re-

sponse to the opinion of the Supreme Court found in 193 Ala. 163, 69 South. 113.

TROUP & NIX, for appellant.

WERT & LYNNE, for appellee.

THOMAS, J.—Appellants were the defendants below in this action, which was brought by the appellee, Hunter, against them on a garnishment bond that they had executed in order to procure the issuance of a writ of garnishment in aid of a previous suit pending at the time in a justice court, brought there by Austin & Co., one of the appellants, on an account for $37.53 against said Hunter, who was duly served with summons, and which suit proceeded regularly in that court to formal judgment for that amount in favor of said Austin & Co., and against said Hunter, before the present suit was brought on the garnishment bond. The only breach of the bond alleged in this action is, in one count, that the garnishment was wrongful, and, in the other, that it was wrongful and malicious, in that Hunter, it is alleged, did not owe the debt on which the garnishment was founded.—*Mobile Furniture Co. v. Little,* 108 Ala. 399, 19 South. 443. The question of whether he owed the debt or not was, as seen, determined against him by the mentioned judgment of the justice of the peace in a cause where such justice had jurisdiction both of the person and of the subject-matter, and was thus res judicata in this, a collateral action between the same parties.—24 Am. & Eng. Ency. Law, 717; *Ex parte Davis,* 95 Ala. 9, 11 South. 308; *Cotton v. Holloway,* 96 Ala. 544, 12 South. 172; *Peet v. Hatcher,* 112 Ala. 514, 21 South. 711, 57 Am. St. Rep. 45; *Steveson v. Murray,*

87 Ala. 445, 6 South. 301; *Logan v. Cen. Iron & Coal Co.,* 139 Ala. 548, 36 South. 729.

Res judicata, however, which is merely an estoppel by judgment, may, like other estoppels—estoppels in pais and estoppels by deed—be waived as a defense, and is waived where the party relying upon it has an opportunity of pleading it, and fails to do so specially.—9 Ency. P. & P. 611 et seq.; 8 Ency. P. & P. 5 et seq.; 24 Am. & Eng. Ency. Law, 836; *Jones v. Peebles,* 130 Ala. 269, 30 South. 564; *Winkler v. Powell,* 173 Ala. 46, 55 South. 536; *Collins v. Smith,* 155 Ala. 607, 46 South. 986; *Baird v. Howlson,* 154 Ala. 367, 45 South. 668; *Clark v. Johnson,* 155 Ala. 650, 47 South. 82; *Mobile R. R. Co. v. Bay Shore Lumber Co,* 158 Ala. 626, 48 South. 377; *Blair v. Williams,* 159 Ala. 658, 49 South. 71; *Gulf Cedar Lumber Co. v. Crenshaw,* 169 Ala. 617, 53 South. 812. The cases last cited impliedly and in effect overrule the previous cases of *Cook v. Field,* 3 Ala. 53, 36 Am. Dec. 436; and *Hopkinson v. Shelton,* 37 Ala. 306.

The defendant here pleaded the general issue, "with leave to give in defense any matter that can be well pleaded." Under such a plea, unobjected to, and issue joined thereon, the defense of estoppel is available as though specially pleaded.—*Converse Bridge Co. v. Collins,* 119 Ala. 538, 24 South. 561; *L. & N. R. R. Co. v. Williams,* 5 Ala. App. 643, 644, 56 South. 865, 59 South. 673.

The judgment mentioned and the proceedings on which it was based, showing jurisdiction in the justice of both the person and the subject-matter of the suit, having been introduced and proved under such a plea, were not open to attack by the plaintiff on the ground that they were erroneous. The plaintiff should have

corrected the judgment by appeal or other direct proceeding before bringing this suit, if he wished to avoid its conclusive effect. The lower court was consequently in error in permitting plaintiff to offer evidence tending to show that the judgment mentioned was rendered against him as a result of error or mistake on the part of the justice.

It follows that the judgment here appealed from must be reversed.

Reversed and remanded.

### ON REHEARING.

We may, in response to the suggestion contained in the application for rehearing, say that this court did not, in rendering the opinion and in therein holding that the mentioned judgment of the justice of the peace was conclusive on plaintiff in this, a collateral action, and that the lower court therefore erred in allowing the introduction of evidence tending to show error or mistake of judgment on the part of the justice in rendering the judgment, overlook the fact that plaintiff, prior to the admission of such testimony, to which objection was interposed, testified without objection that he did not owe the debt for which the garnishment was sued out. This testimony of his that he did not owe said debt was entirely unobjectionable, and the court would have committed error in sustaining an objection to it, if one had been interposed, and this for the reason that the defendant had not only pleaded the special plea of res adjudicata mentioned, which was a plea of confession and avoidance, but also pleaded the general issue, which was a denial of every material allegation of the complaint—one of which was that plaintiff did not owe the

debt for which the garnishment was sued out—and put upon the plaintiff the burden of proving the complaint, including said allegation.—Code, § 5331; *McDonald v. Montgomery St. Ry. Co.,* 110 Ala. 174, 20 South. 317; *Western Ry. Co. v. Williamson,* 114 Ala. 144, 21 South. 827. The action of the court in not sustaining the defendant's objections to the impeaching evidence that was offered by plaintiff after defendant proved said judgment, and tending to show error or mistake of the justice in rendering that judgment, is what occasioned the reversal of the judgment.

However, upon reconsideration, the court is of opinion that the reversal should be set aside and an affirmance ordered, because, even if there was error in this action of the court, it was without injury available here, and furnishes defendant no ground for complaint, since he failed to request either the affirmative charge or a charge to the effect that, if the jury believed there was a judgment, it was conclusive of the fact that plaintiff did owe the debt for which the garnishment was sued out, and that in such event they must find for defendant.—*Hopkinson v. Shelton,* 37 Ala. 306. Having failed, as the defendant did, to request any instructions as to the conclusive effect of the judgment or to except to any contrary instructions, if such were given by the court, which does not appear, he in effect waived the benefit of his plea of res judicata and of his objections interposed to the evidence impeaching said judgment, and cannot complain that the said judgment went to the jury merely as evidence, and not as conclusive evidence of the facts it adjudicated or determined.

We are of opinion that the conclusive effect of the judgment cannot be presented merely by a plea and proof of it and objections to impeaching evidence, but

that such plea, proof, and objections must be followed up by a request for favorable instructions on exceptions to unfavorable instructions, if given, in order to justify a reviewing court in reversing the action of the trial court in overruling objections to the impeaching evidence, since such objections and the plea were subsequently in effect waived by defendant, when he by a failure to request or except to instructions voluntarily permitted the judgment to go to the jury merely as evidence, and not as conclusive evidence.

It follows that the application for rehearing must be granted, the judgment of reversal set aside, and an affirmance of the judgment of the lower court ordered, which is accordingly done.

Affirmed.