(92 South. 264)

### WOOD v. FINNEY. (8 Div. 406.)

(Supreme Court of Alabama. Jan. 19, 1922.)

1. **Appeal and error** ⟨key⟩1—**Appeals are entirely statutory.**

Appeals are entirely of statutory creation.

2. **Appeal and error** ⟨key⟩82(3)—**Decretal order vacating decree and reinstating cause in docket held not appealable; "final decree;" "Interlocutory order."**

Decretal order, vacating decree and reinstating the cause on the docket, held not appealable, not being a final decree within Code 1907, § 2837, nor an interlocutory order from which an appeal can be taken under section 2838.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Final Order; Interlocutory Order.]

3. **Appeal and error** ⟨key⟩792—**Court required to dismiss appeal ex mero motu where order from which appeal was taken was not appealable.**

Where the order from which the appeal was taken was not appealable, it is the duty of the court to dismiss the appeal ex mero motu.

Appeal from Circuit Court, Madison County; Robert C. Brickell, Judge.

Action by William B. Wood against D. Carson Finney, brought originally to the law docket, and on motion of the defendant carried to the equity docket, because the accounts were mutual, complicated, and of an equitable nature. Final decree was rendered, which on motion of the respondent was later set aside, and from the decretal order setting aside the final decree the complainant appeals. Appeal dismissed.

Lanier & Pride and R. E. Smith, all of Huntsville, for appellant.

After the lapse of 30 days from the rendition of the final decree the court loses all power over it, and the only remedy is by bill of review. Acts 1915, p. 707; chancery rule 83; 202 Ala. 180, 79 South. 664; 200 Ala. 596, 76 South. 954; 16 Ala. App. 293, 77 South. 443.

Cooper & Cooper, of Huntsville, for appellee.

The decretal order appealed from will not sustain the appeal, and it should be dismissed. Section 2837, Code 1907; 186 Ala. 562, 65 South. 333.

GARDNER, J. In a cause on the equity docket of the circuit court of Madison county, wherein appellant was complainant and appellee respondent, a final decree in favor of the complainant was rendered on July 28, 1921. On September 24th thereafter the respondent filed his petition to have said decree set aside upon numerous grounds at this time unnecessary to consider, and on October 6th the court, being of the opinion the final decree was improvidently rendered, entered an order granting the respondent's motion and vacating and setting aside said decree reinstating the cause on the docket. From this decretal order the complainant has prosecuted this appeal.

[1-3] Appeals are entirely of statutory creation. Ex parte Jones, 186 Ala. 567, 64 South. 960. That the order appealed from is not a final decree, so as to come within the provisions of section 2837 of the Code, needs no discussion. It is an interlocutory order of a character not embraced in section 2838 of the Code, and we are aware of no statute authorizing an appeal from such an order. The question is a jurisdictional one, and it is therefore the duty of the court to dismiss the appeal ex mero motu. Long v. Winona Coal Co. (Ala. Sup.) 89 South. 788;[1] Wise v. Spears, 200 Ala. 695, 76 South. 869; Coker v. Fountain, 200 Ala. 95, 75 South. 471.

Appeal dismissed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.

———————

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 206 Ala. 315.