184 So.2d 345

**C. E. VACALIS et al.**

**v.**

**Alston Y. LOWRY et al.**

**1 Div. 261.**

Supreme Court of Alabama.

March 17, 1966.

Simon & Wood, Mobile, for appellants.

M. A. Marsal and Howell, Johnston & Langford, Mobile, for appellees.

LAWSON, Justice.

Appellants, complainants below, filed their bill in the Circuit Court of Mobile County, in Equity, against appellees, wherein they prayed that the court on final hearing liquidate the assets and business of the respondent American Foods, Inc. The bill also prayed for the appointment of a receiver pending a final hearing.

Appellees' demurrer to the bill was sustained, the appellants being given ten days in which to amend. Appellees where later given twenty additional days within which to amend. Within the twenty days, appellants filed a motion "for a final decree to dismiss without prejudice." This motion was granted and the court decreed that "the above styled cause be and the same hereby is dismissed without prejudice."

From that decree the complainants below seek to appeal.

The cause was submitted here on the merits on brief and argument of appellants. Appellees did not argue the case or file a brief prior to submission.

After submission appellees filed a motion to dismiss the appeal on the following grounds:

"1. For that the record fails to reveal in this case any final appealable judgment.

"2. For that the record fails to reveal in this case that the bill in question was dismissed due to any adverse ruling by the court, but to the contrary the record shows that the appeal was dismissed on motion of the Complainants.

"3. For that there is nothing for the Court to review in that the record shows the case was dismissed without prejudice on motion of Appellants."

Briefs have been filed by appellees in support of their motion and appellants have responded with a brief wherein it is asserted that "the Motion to Dismiss the appeal being made after appellants had filed their brief and after the cause had been submitted comes too late for consideration and should be disregarded." As pointed out in brief of appellants, we have cases wherein we have refused to consider a motion to dismiss an appeal because filed after submission. Twin Tree Lumber Co. v. Day, 181 Ala. 565, 61 So. 914; Gibson v. Farmers' Bank, 218 Ala. 554, 119 So. 664. See Ehrmann Mfg. Co. v. Carroll & Sons, 22 Ala.App. 217, 114 So. 275; Walker v. Harris, 235 Ala. 384, 179 So. 213.

But the cases just cited have no application if the decree from which the appellants have sought to appeal is not appealable. If such is the case we will dismiss without a motion, for the sufficiency

of a decree to support an appeal is jurisdictional. Jackson v. Jackson, 211 Ala. 277, 100 So. 332; Temple v. Dooley, 196 Ala. 360, 71 So. 683; Wise v. Spears, 200 Ala. 695, 76 So. 869; Wood v. Finney, 207 Ala. 160, 92 So. 264; Thomas v. Thomas, 214 Ala. 293, 107 So. 810; Devane v. Smith, 216 Ala. 177, 112 So. 837; Gibson v. Farmers' Bank, supra; Roniotos v. Peerless Laundry Corp., 219 Ala. 157, 121 So. 530; Alston v. Marengo County Board of Education, 224 Ala. 676, 141 So. 658; Holland v. Dwight Mfg. Co., 231 Ala. 506, 165 So. 756; Bentley v. Knox, 258 Ala. 377, 62 So.2d 921; Tarvin v. Tarvin, 266 Ala. 214, 95 So.2d 397; Bradford v. Engelhardt, 276 Ala. 201, 160 So.2d 485; Heffelfinger v. Lane, 239 Ala. 151, 194 So. 504; Couch v. Rodgers, 257 Ala. 560, 59 So.2d 809; Gorum v. Samuel, 274 Ala. 690, 151 So.2d 393.

So we come to a consideration of the question as to whether the decree of the trial court dismissing appellants' bill *without prejudice* is sufficient to support an appeal.

In so far as we are advised, we have not written to this question, although in the recent case of Kirksey Motors, Inc., v. General Acceptance Corp., 276 Ala. 270, 161 So.2d 475, we did not dismiss the appeal, which was from a decree dismissing a bill without prejudice, with leave to appeal. But in the Kirksey case, we did not take cognizance of the nature of the decree from which the appeal was taken and our action in treating that appeal on the merits cannot be said to constitute a holding that such a decree is appealable.

In Bentley v. Knox, supra, we said:

"This court is without jurisdiction to entertain an appeal except from a final judgment or decree or unless it be from certain interlocutory orders provided by statute. § 754, Title 7, Code of 1940; * * *." (258 Ala., 378, 62 So.2d 921.)

Section 754, Title 7, Code 1940, relates to appeals from final judgments and decrees.

Section 755, Title 7, Code 1940, provided for an appeal "[f]rom any decree rendered by the circuit court in equity cases, sustaining or overruling a demurrer to a bill in equity, or to a cross bill * * * to be taken within thirty days from the rendition thereof, to the supreme court." If that section had not been amended prior to the time the trial court sustained appellees' demurrers, appellants could have appealed from the decree sustaining the demurrers. But § 755, Title 7, supra, was amended by Act 72, approved September 15, 1961, Acts of Alabama 1961, Vol. 2, p. 1947, so as to read:

"No appeal lies from any decree rendered in equity cases sustaining or overruling a demurrer to a bill in equity, or to a cross bill. Either party may seek a dismissal of the cause where the demurrer is sustained and no amendment to the bill is made during the time allowed by the court, and the complainant may appeal from the final decree of dismissal; but nothing in this section shall prevent an assignment of errors on such decrees on appeals taken on the final determination of the cause."

We think it clear that one of the purposes of the Legislature in enacting Act 72, supra, was to prevent complainants in equity cases from having this court pass on decrees of the trial courts sustaining demurrers to bills in equity until the cause was finally disposed of in the trial court. In our opinion a decree dismissing a bill without prejudice is not a "final decree of dismissal" as those words are used in Act 72, supra. A final decree puts an end to all controversies litigated or which ought to have been litigated within the power and duty of the parties in respect to the particular controversy. Tilley's Alabama Equity, § 170, pp. 180–181.

The words "without prejudice," in their general adaptation, when used in a decree mean that there is no decision of the controversy on its merits, and leaves the

whole subject in litigation as much open to another suit as if no suit had ever been brought. Lang's Heirs v. Waring, 25 Ala. 625; National Union Life Ins. Co. v. Ingram, 275 Ala. 310, 154 So.2d 666; Ex parte Dunlap, 209 Ala. 453, 96 So. 441; Strang v. Moog, 72 Ala. 460; Collins v. Smith, 155 Ala. 607, 46 So. 986. See Wilkins v. Wilkins, 95 Cal.App.2d 611, 213 P.2d 752.

The decree dismissing appellants' bill "without prejudice" does no more than dispose of the particular bill to which appellees' demurrers were sustained. It does not settle the controversy. The Legislature has seen fit to take away the right which a complainant had prior to the effective date of Act 72 to appeal from a decree sustaining a demurrer to his bill. If we were to hold that a complainant, after a demurrer is sustained to his bill, can have this court rule on the correctness of the decree sustaining the demurrer by the device of moving for and obtaining a decree dismissing his bill without prejudice, we would destroy one of the objectives of Act 72, supra.

We do not mean to say that all decrees of dismissal without prejudice are so lacking in finality as not to support an appeal. See Yakel v. Yakel, 96 Md. 240, 53 A. 914.

Appeals are of statutory origin and no appeal lies unless provided by statute and unless a statute so authorizes it cannot be used to review the ruling of a trial court. Holder v. Taylor, 233 Ala. 477, 172 So. 761.

We hold that § 755, Title 7, Code 1940, as amended by Act 72, supra, does not authorize an appeal from a decree dismissing a bill without prejudice. And we are aware of no statute which does authorize such an appeal.

The appeal is due to be dismissed. It is so ordered.

Appeal dismissed.

All the Justices concur.