194 So.2d 90

**BURGER IN A HURRY, INC.**

v.

**GREEN GROVE, INC., et al.**

6 Div. 314.

Supreme Court of Alabama.

Jan. 12, 1967.

Paul Johnston and Jas. L. Shores, Jr., Birmingham, for appellant.

Clement, Rosen, Hubbard & Waldrop and McQueen, Flowers & Ray, Tuscaloosa, for appellees.

COLEMAN, Justice.

Complainant filed its bill of complaint praying for relief with respect to a lease agreement.

The court sustained demurrer to the bill and allowed complainant time to amend.

Complainant filed a motion averring that the court had rendered the decree sustaining the demurrer. The motion concludes as follows:

"  .   .   .   In order to meet the provisions of Section 755, Title 7, Code of Alabama 1940, as amended, for purposes of appeal, the Complainant, Burger In A Hurry, Inc., a Corporation, makes this Motion requesting that the Court dismiss without prejudice the Bill of Complaint heretofore filed in this case, in order that the Complainant may appeal from the final Decree of Dismissal as provided under Section 755, Title 7, Code of Alabama 1940, as amended."

The court granted complainant's motion by decree which recites as follows:

"This cause coming on to be heard, on Motion of the Solicitors for the Complainant, that the said cause be dismissed without prejudice for purposes of appeal in order to meet the provisions of Section 755, Title 7, Code of Alabama 1940, as

amended; it is the Order, Judgment and Decree of the Court that the said cause be, and the same hereby is, dismissed without prejudice, for purposes of appeal in order to meet the provisions of Section 755, Title 7, Code of Alabama 1940, as amended. It is the further Order, Judgment and Decree of the Court that the Court costs be and hereby are assessed against the Complainant, for which let execution issue."

Appellees move to dismiss the appeal on the ground that the case was dismissed without prejudice on motion of appellant and, therefore, that the decree will not support an appeal, relying on Vacalis v. Lowry, 279 Ala. 264, 184 So.2d 345.

Appellant correctly states that *Vacalis* was decided subsequent to the decree of dismissal in the instant case, and cites Kirksey Motors, Inc. v. General Acceptance Corp., 276 Ala. 270, 161 So.2d 475, as authority in opposition to the motion to dismiss the instant appeal.

■ In *Vacalis,* this court pointed out that, in *Kirksey* the court did not take cognizance of the nature of the decree appealed from and that our holding in *Kirksey* cannot be said to constitute authority that a decree dismissing a bill without prejudice, after a decree sustaining a demurrer to the bill, is appealable. *Vacalis* squarely holds that a decree of dismissal without prejudice, rendered after a decree sustaining demurrer to the bill, is not a final decree and will not support an appeal under § 755, Title 7, Code 1940, as amended by Act No. 72, 1961 Acts, Vol. 2, page 1947.

Appellant says, however, that the decree appealed from in the instant case shows that the decree "was oriented squarely" on amended § 755 and that the words, "without prejudice," mean that the decree "would be without prejudice to complainant's *right of appeal.*" Appellant says the difference in phraseology of the *Vacalis*

decree and the instant decree prevents application here of the holding in *Vacalis.* Appellant says, alternatively, that the words "without prejudice" in the instant decree should be disregarded.

We are of opinion that we cannot disregard the plain language of the decree. The decree is that "the cause be, and . . . . is, dismissed without prejudice, for purposes of appeal . . . ." under § 755 as amended. The words "without prejudice" apply to the dismissal of the cause and not to the right of appeal.

The decree contains inconsistent provisions. One provision is that the cause be dismissed without prejudice. The other provision is that the cause be dismissed for purposes of appeal. The dismissal can be under one provision or the other, but we are of opinion that dismissal cannot be under both provisions in the same decree. We must, therefore, decide which provision shall have effect.

■ In a judgment or decree, inconsistency between clauses or conditions which cannot be reconciled must be resolved in favor of the first clause, that is, if, upon the whole instrument, consistent effect cannot be given to the subsequent clause. Schwab v. Schwab, 255 Ala. 218, 223, 50 So.2d 435; Lowery v. May, 213 Ala. 66, 71, 104 So. 5.

■ The first condition in the instant decree is that the cause is dismissed without prejudice. The condition is clear and unambiguous and we are of opinion that the condition must be given effect. The decree dismissing the instant cause is without prejudice to the rights of complainant to bring another suit or action as if no suit had ever been brought. See Lang's Heirs v. Waring, 25 Ala. 625, and other authorities cited in *Vacalis.* We do not here consider what the obligation of appellant would be as to payment of costs in the instant suit as a condition to bringing another suit.

Under the holding in *Vacalis,* such a decree will not support an appeal and the instant appeal is dismissed.

Appeal dismissed.

LIVINGSTON, C. J., and LAWSON and GOODWYN, JJ., concur.