CRAWLEY, Judge,
dissenting.
I must respectfully dissent because I believe that even if the motion for attorney fees is considered a request for administrative expenses based on Alabama trust law, rather than a request for a fee under the ALAA, the motion was still untimely, and the trial court had no jurisdiction to entertain it.
Section 34-3-60, Ala.Code 1975, provides:
“In all actions and proceedings in the probate courts and circuit courts and other courts of like jurisdiction, where there is involved the administration of a trust, ... the court having jurisdiction of such action or proceeding may ascertain a reasonable attorney’s fee, to be paid to the attorneys or solicitors representing the trust, ... and is authorized to tax as a part of the costs in such action or proceeding such reasonable attorney’s fee, which is to be paid when collected as the other costs in the proceeding to such attorneys or solicitors as may be directed or ordered by the court_”
(Emphasis added.) Our Supreme Court has held that attorney fees in an action involving a trust “are allowable only under section 6261 of the [1923] Code [that provision now appears at § 34-3-60, Ala.Code 1975] as part of the costs of the suit.” Farmers’ Bank & Trust Co. v. Borroughs, 217 Ala. 97, 99, 114 So. 909, 911 (1927) (emphasis added). Attorney fees under the ALAA are also awarded as part of the costs assessed in a (frivolous) lawsuit. See Baker v. Williams Bros., Inc., 601 So.2d 110 (Ala.Civ.App.1992). Therefore, requests for attorney fees under both § 34-3-60 and the ALAA are subject to the rule that after 30 days from the final judgment, the trial court has no jurisdiction to award costs unless it has retained jurisdiction to do so. See Donnell Trucking Co., Inc. v. Shows, 659 So.2d 667 (Ala.Civ.App.1995). I note that § 19-3-6, Ala.Code 1975, does not apply here because the request for attorney fees was not pursuant to an annual, partial, or final settlement of the trust estate.
The trial court entered a summary judgment in the third suit on May 25, 1995. The final judgment states:
“Having granted defendants’ motion for summary judgment and disposing of all claims in this matter, this matter is hereby dismissed with prejudice, costs taxed against the plaintiffs.”
(Emphasis added.) SouthTrust did not file its motion for attorney fees until July 10, 1995, 44 days after the final judgment in the third suit. A final judgment “puts an end to all controversies litigated or which ought to have been litigated within the power and duty of the parties in respect to the particular controversy.” Vacalis v. Lowry, 279 Ala. 264, 266, 184 So.2d 345, 347 (1966). Because SouthTrust did not request attorney fees before the entry of the summary judgment and because the trial court did not retain jurisdiction to award attorney fees after the entry of the summary judgment, the trial court had no authority to award a fee in another proceeding. Compare Farlow v. Adams, 474 So.2d 53, 56 (Ala.1985)(attorney fees were requested in complaint); Ingalls v. Hare, 266 Ala. 221, 224, 96 So.2d 266, 270 (Ala.l957)(tri *1214 al court dismissed action, but retained jurisdiction to consider award of attorney fees).
The majority cites § 19-3-326, Ala.Code 1975, part of an article entitled “Action of Trustees of Express Trusts,” as authority for awarding attorney fees. That statute provides:
“If any trustee defends or prosecutes any proceeding in good faith, whether successful or not, the trustee is entitled to receive from the trust estate reasonable expenses and disbursements, including, but not limited to, attorneys’ fees incurred.”
By enacting § 19-3-326, I think the legislature meant only to establish a “good faith” rule for awarding the trustee expenses or attorney fees from the trust estate. I do not think that the legislature intended, by the passage of § 19-3-326, to alter the well-established rule that a motion to award attorney fees as part of the costs in a lawsuit must be timely.
MONROE, J., concurs.