THOMPSON, Presiding Judge.
Albert Tousson, who has appeared pro se throughout the litigation of this matter, filed what purports to be a declaratory-judgment action in the Cullman Circuit Court (“the trial court”) against Bradley L. Williams (“Bradley”).
The specific claims' Tousson alleges in his 63-page complaint, which is interspersed with numerous exhibits, is difficult to discern. The “claims” appear to arise from disputes involving whether Billy Williams (“Billy”) agreed to grant Tousson an easement for underground power lines and whether Tousson has access to a certain boat ramp. Tousson also appears to have alleged claims arising out of “mischief’ that he claims has allegedly taken place because of the property dispute. Documents submitted to the trial court and statements Tousson made to the trial court at various hearings indicate that Tousson intended to assert a claim for “nuisances.” In a document that the trial court treated as an amended complaint, Tousson also sought relief for “defacement and encroachment of communal area,” breach of contract, and an alleged violation of the federal Fair Housing Act, 42 U.S.C. 3601 et seq. In that amended complaint, Tousson stated that he was adding Billy as a defendant; however, he acknowledged that he never had Billy served with the complaint.
• Bradley filed a motion to dismiss the action, challenging Tousson’s standing to bring this action and asserting that Tous-son’s complaint failed to state a claim for which relief can be granted. At a February 4, 2014, hearing on the motion to dismiss, a number of jurisdictional and procedural deficiencies were raised, including whether Tousson had named the proper party as a defendant and whether there were additional property owners who were indispensable parties but who had not been named in the complaint.
On February 10, 2014, the trial court entered an order dismissing Tousson’s complaint. Tousson then filed a “motion *623 for reversal of order,” which the trial court treated as a motion to alter, amend, or vacate. A hearing was held on the post-judgment motion on March 10, 2014. At the hearing, the trial court explained to Tousson that the hearing was being held because “there were apparently some issues that I did not fully explain to you, and I wanted to be sure that you understood exactly what was going on.” The trial court stated that it was having a difficult time forming Tousson’s allegations into proper claims or counts cognizable at law. The trial court further explained to Tous-son the necessity of following the rules of court. Tousson told the court he believed he had properly included Billy “as a witness.” The trial court stated that it understood that Tousson had tried to comply with the law, and it encouraged him to retain an attorney, adding: “That’s why when I dismissed the case, I did dismiss it without prejudice, which means that you can start over if you can.”
On March 12, 2014, the trial court entered an order clarifying that Tousson’s complaint had been dismissed without prejudice. Tousson timely appealed to this court. We transferred the appeal to the Alabama Supreme Court for lack of subject-matter jurisdiction. Our supreme court transferred the appeal back to this court pursuant to § 12-2-7(6), Ala.Code 1975.
Our supreme court has held that one cannot appeal from a judgment dismissing an action without prejudice, writing:
“This Court has held that the words ‘without prejudice,’ when used in an order, ‘mean that there is no decision of the controversy on its merits, and [that an order containing those words] leaves the whole subject in litigation as much open to another suit as if no suit had ever been brought.’ Vacalis v. Lowry, 279 Ala. 264, 267, 184 So.2d 345, 347-48 (1966); see, also, Taylor v. Major Finance Co., 289 Ala. 458, 268 So.2d 738 (1972). An appeal will ordinarily lie only from a final judgment; that is, a judgment that conclusively determines the issues before the court and ascertains and declares the rights of the parties. Rule 54(b), [Ala.] R. Civ. P. The trial court has not addressed the merits of the issues that [the plaintiff] now raises; accordingly, there is no final judgment upon which to base an appeal, and this Court has no jurisdiction over the matter.”
Palughi v. Dow, 659 So.2d 112, 113 (Ala.1995).
Because there has been no final judgment that conclusively determines the issues in this case or that ascertains and. declares the rights of the parties, this court has no jurisdiction over this matter. Accordingly, the appeal is due to be dismissed.
APPEAL DISMISSED.
PITTMAN, MOORE, and DONALDSON, JJ., concur.
THOMAS, J., recuses herself.